(33 Misc. Rep. 726.)

### KENNEDY v. NICHOLS et al.

(Supreme Court, Special Term, New York County. January, 1901.)

DISCOVERY—STATUTES—EXAMINATION OF PREMISES.

    Code Civ. Proc. § 803, declares the court may compel discovery of a book, document, or other paper relating to the merits of the action. Section 17 authorizes the making of rules of practice not inconsistent with the Code. Gen. Rules Prac. rule 14, subd. 3, declares either party may be compelled to make discovery of any book, document, record, or other article; it appearing that such article is necessary to a decision of the action, or is competent evidence in the case, or an inspection thereof is necessary to enable a party to prepare for trial. *Held*, that the court had no power, under such rule, to compel defendants to allow plaintiff to enter defendants' premises to make an examination thereof.

Action by Bridget Kennedy, as administratrix of the estate of Thomas Kennedy, deceased, against James E. Nichols and others. Motion to compel defendants to allow plaintiff to enter defendants' premises and examine a part thereof. Motion denied.

John M. Gardner, for plaintiff.
Nadal, Smyth & Carrere, for defendants.

TRUAX, J. This is a motion to compel the defendants to allow the plaintiff to enter defendants' premises and make an examination of a part thereof. The only right of a discovery and inspection is to be found in section 803, Code Civ. Proc. See 1 Rum. Prac. 677. It is claimed, however, by the plaintiff that subdivision 3 of rule 14 of the general rules of practice gives the plaintiff the right to the relief asked for on this motion. That subdivision provides that "either party may be compelled to make discovery of any book, document, record or any other article under his control, * * * upon its

appearing to the satisfaction of the court that such book * * * or property is material to the decision of the action, * * * or is competent evidence in the case, or an inspection thereof is necessary to enable a party to prepare for trial." Section 17 of the Code provides for the making of general rules of practice not inconsistent with the Code. Now, if this rule gives more than the Code, it is inconsistent with the Code, and is of no effect. The words "discovery and inspection" have long been known to the law, and, as far as the reported cases show, have been held to relate only to evidence in the case. An application for discovery, said the late Chief Justice Robertson in Ansen v. Tuska, 1 Rob. 663, is confined to the examination of adverse parties as witnesses, and the production of books, papers, documents, and entries. In such cases the testimony of such parties becomes available directly as evidence in the action, and a copy taken of such records may be produced in the absence of the originals. In the case last cited it was held by the general term of the superior court that the court had no power on motion to compel a party to an action to submit articles which were the subject of the action, and were neither books, documents, nor evidence of themselves, to third persons, in order to enable them to qualify themselves to testify as experts as to the mere quality of such articles. "A final decree," said the court, "in an action to compel a party to produce, for the inspection of the prospective witnesses of the adverse party, the subject of controversy, would be entirely novel." It is to be borne in mind that in the action above referred to the quality of the article was material to the issue. To the same effect is Cooke v. Manufacturing Co., 29 Hun, 641. In Miner v. Gardiner, 6 Thomp. & C. 343, an order granting an inspection of books to enable plaintiff to procure expert testimony as to the value of his services in keeping such books was held erroneous. Motion denied, with $10 costs to the defendants to abide the event, on the ground of want of power to make the order for which plaintiff asks.

Motion denied, with $10 costs to defendants to abide event, on ground of want of power to make order for which plaintiff asks.