(65 App. Div. 167.)

### HALLENBECK v. PARR.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

DISCOVERY—PERSONAL PROPERTY—POWER OF COURT.

     Code Civ. Proc. §§ 803, 805, provide for the discovery of books, documents, and other papers. Gen. Rules Prac. rule 14, subd. 3, provides for the discovery of books, documents, records, or property material to the decision of an action, or some motion or application therein, or competent as evidence in the cause. *Held*, in an action by an executrix to recover money and securities belonging to the deceased, and contained in a vault in a safe deposit company, that the court had no authority to order a discovery of the contents of the vault, so as to enable plaintiff to prepare her complaint.

Appeal from special term, New York county.

Action by Bertha Hallenbeck, as executrix of Alfred Hallenbeck, deceased, against Owen G. Parr. From an order directing the discovery of the contents of a vault, and appointing a referee to make examinations thereof, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

E. R. Thompson, for appellant.
Benjamin Reinhardt, for respondent.

INGRAHAM, J. The summons in this action having been served without a complaint, the plaintiff made this application, which was to compel a discovery of the contents of a vault in a safe deposit company. The court granted the motion, and appointed a referee to make such discovery, and to make an inventory of the contents of said vault, and to file the same with the clerk of the court. The affidavit upon which this motion was made alleged that the plaintiff's testator died, leaving a last will and testament, which was duly admitted to probate, and that this action was commenced to recover from the defendant certain personal property, consisting of money and securities contained in a vault in the Fifth Avenue Safe Deposit Company, the description and the amount of which is unknown to the plaintiff; that after the commencement of the action the defendant was examined at the instance of the plaintiff, and that from such examination it appeared that the defendant was in the employ of the deceased; that the defendant claimed that during the month of May, 1900, the deceased came to him, and gave him (defendant) certain keys of a vault and the box contained therein, and stated to the defendant

that he (the deceased) presented to the defendant the said keys and the box contained in the vault and all the property therein; that, from said time until the death of the deceased, the deceased alone had access to the said vault, had the keys thereof, and the defendant never went near the vault, never opened it, and had no access to it, and that the defendant, on his examination, was unable to furnish a description of the contents of the vault, was uncertain of the number of the box, and was, and still is, in total ignorance as to its contents; that the vault was hired by the deceased, and stood in his name, but that during the month of May, 1900, the deceased "changed the said vault, using the name of the defendant"; that the keys of the vault were always in the possession of the deceased; that the defendant never exercised the slightest ownership or control of this vault or its contents; that the deceased had uninterrupted access thereto; and that to prepare the complaint it was necessary that the contents of the said vault be ascertained.

The defendant, in his answering affidavit, alleged that on May 21, 1900, the deceased told the defendant to go to the Fifth Avenue Safe Deposit Company, and sign the book, and thereupon the defendant did go to the said company, and sign said book as the owner thereof, and in the evening of the same day the deceased handed the defendant two keys of said vault, and stated that the vault and contents thereof were his; that the defendant kept the keys in his possession for two or three days, when he placed them in the safe, and afterwards directed the deceased to put in the vault said money of the defendant, aggregating $3,500, and delivered the keys to the deceased.

I know of no authority to justify the granting of this application. The facts stated do not bring the case within sections 803 and 805 of the Code of Civil Procedure relating to a discovery, or of rule 14 of the General Rules of Practice. By the Code, provision is made for the discovery of books, documents, or other papers. There is nothing in these provisions that authorizes the court to order a discovery of personal property in the possession of an adverse party or of a third person not a party to the action. By subdivision 3 of rule 14 of the General Rules of Practice, provision is made whereby a party may be compelled to make discovery of a book, document, record, or property in his possession or under his control, upon its appearing to the satisfaction of the court that such book, document, record, or property is material to the decision of the action, or some motion or application therein, or is competent evidence in the case. No fact is stated to show that any article of property in the possession of the defendant or of the safe deposit company is necessary as evidence in this case, the application being based upon the inability of the plaintiff to properly describe the contents of this vault in her complaint. The proceeding is not and does not pretend to be for the purpose of procuring evidence, but it is sought to procure information as to the property which the plaintiff's testator owned at the time of his death, in order that the plaintiff may maintain an action to recover such property. We are referred to no provision of the Code which

authorizes such an application. Such authority cannot be based upon the inherent power of the court, as it is a power which, so far as I can ascertain, has never been claimed or exercised. In every case in which an application has been made for an order requiring the examination of personal property in the hands of an adverse party, such application has been denied. Cooke v. Manufacturing Co., 29 Hun, 641; Ansen v. Tuska, 1 Rob. 663; Kennedy v. Nichols (Sup.) 68 N. Y. Supp. 1053.

It follows that there was no authority for an order such as was granted by the special term, and the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.