THOMPSON v. SAGE.

(Supreme Court, Appellate Term. May 23, 1905.)

1. SUPPLEMENTARY PROCEEDINGS — THIRD-PARTY EXAMINATION — VACATION — JUDGMENT—PAYMENT.

Where, on a third-party examination in supplementary proceedings, it was admitted that the judgment on which the proceedings were based was regular and unsatisfied of record, and that there was no written agreement to satisfy it in any event, the fact that the judgment debtor claimed that it had been paid by an assignment of an interest in another judgment, which the judgment creditor denied, did not authorize the granting of a motion to vacate the examination order; the judgment debtor's remedy being by motion in the action to have the judgment satisfied of record.

2. SAME—TITLE TO PROPERTY—RECEIVERS.

Where the title to property in the hands of a third person is raised in supplementary proceedings, a receiver should be appointed to test the question of ownership, instead of determining the matter on such motion.

Appeal from City Court of New York, Special Term.

Proceedings for the examination of Myron R. Thompson as a third party in supplementary proceedings to enforce a judgment in favor of plaintiff in an action by Alexander Smith Cochran against Virginia S. Sage. From an order denying a motion by the judgment creditor for the appointment of a receiver, vacating the order of examination, and an injunction contained therein, the judgment creditor appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Arlington C. Kendall (Clarence M. Lewis, of counsel), for appellant.

William L. Flagg, for respondent.

DOWLING, J. This is an appeal from an order denying a motion made by the judgment creditor herein for the appointment of a receiver of a judgment debtor's property in the hands of a third party, vacating an order for the examination of a third party, and vacating the injunction contained in said order, with costs. An order having been heretofore made for the examination of one Thompson, a third party, having property of the judgment debtor in his possession, it appeared upon the examination of the latter that he had $95 belonging to the judgment debtor in his possession, and would collect more money for her in the future. Thereupon the judgment creditor moved for the appointment of a receiver.

This motion was argued on the same day as the return of an order to show cause why the third-party order should not be set aside. The order to show cause was returnable in four days, and the moving papers did not disclose any reason why a shorter notice than five days was given. Objection was duly made upon the latter ground, but the motion to appoint a receiver was denied, and the motion to vacate the order of examination was granted, upon the ground that by a preponderance of proof it appeared that an assignment of an interest in a certain judgment had been accepted by the judgment creditor from a third party in settlement of his claim against the debtor, and that the money in the possession of Thompson was not the property of the debtor. As to the first point, it appears from the affidavits that Virginia S. Sage, the judgment debtor, was indebted to Alexander S. Cochran, the judgment creditor, in the amount of a certain judgment recovered April 27, 1904, in the City Court of New York, for $172.05, upon which execution had been issued to the sheriff of the county of New York May 4, 1904, and the same returned wholly unsatisfied. It further appears that one Sarah B. Parsons in July, 1904, assigned to said Cochran a sufficient part of a certain judgment in her favor against George R. Teller, then on appeal to the Appellate Division of the Supreme Court Department, to cover said Cochran's judgment herein, and a debt owing him by said Parsons. It is claimed on behalf of the judgment creditor that said Cochran accepted said assignment in full payment for all indebtedness owing him by said Sage and Parsons, and on condition that he would do nothing to enforce his judgment while the Parsons judgment was being litigated; and this contention is sustained by the affidavits of Virginia S. Sage, Sarah B. Parsons, and Georgia F. Sage. On the other hand, it is contended that when Myron R. Thompson, the judgment creditor's agent, who attended to all his business herein, was offered said assignment, he was especially cautious to make no agreement respecting any delay in enforcing the Cochran judgment, because of the meager knowledge obtainable as to the Parsons judgment, and nothing whatever was said as to refraining from action on the former judgment pending a collection of the latter. This contention is supported by the affidavits of Myron R. Thompson and Arlington C. Kendall, the latter of whom (the attorney herein) swears, in direct opposition to Miss Parson's affidavit, that he personally told her that the assignment would be received without any prejudice whatever to any action or proceeding Cochran might see fit to institute to collect the indebtedness. Upon these conflicting statements, an issue of fact was raised. The only thing which is not controverted is that the judgment in Cochran v. Sage is regular, remains unsatisfied of record, and with no written agreement to satisfy it in any event, and is sufficient to sustain the order for the third-party examination. If there was anything due or unpaid upon the judgment, the motion to vacate the order should have been denied. In view of the contention made by the judgment debtor and denied by the judgment creditor, the proper remedy was by motion in the action to have the judgment satisfied

of record. On such a motion a reference can be ordered to take proof of the facts, and, if they are found in favor of the debtor, the judgment can be properly discharged. Otherwise the anomaly would be presented of a judgment which, while remaining valid of record, would be judicially declared incapable of enforcement. Austin v. Byrnes, 54 Super. Ct. 552.

As to the second point, it appears that Virginia S. Sage, the judgment debtor, being a tenant of the judgment creditor, made an alleged sublease of the apartments so demised to her daughter Georgia S. Sage, who claimed that she put her own furniture in the same, and rented the apartment furnished to one Gabler, through Thompson, the agent of the building, and authorized him to collect the rent for her. This is supported by the affidavits of mother and daughter. On the other hand, Thompson expressly swears that the sum of $95 in his hands is the property of the judgment debtor, and no one else, and explicitly denies the statements of the two Sages. It is well settled that, where the question of the title to property in the hands of a third person is raised in supplementary proceedings, the proper procedure is to appoint a receiver, who can test the question by action, and not to determine the matter upon motion. Rodman v. Henry, 17 N. Y. 484; West Side Bank v. Pugsley, 47 N. Y. 368.

The order appealed from should be reversed, the order for the examination of Myron R. Thompson reinstated, and the motion for the appointment of a receiver granted, with $10 costs and disbursements of the motion and of this appeal to the appellant. All concur.