(55 Misc. Rep. 325)

PINA MAYA–SISAL CO. v. GEO. L. SQUIRE MFG. CO.

(Supreme Court, Special Term, Erie County. June, 1907.)

1. COURTS—RULES OF COURT—MATTERS SUBJECT TO REGULATION—DISCOVERY.
    Code Civ. Proc. § 803, authorizes the court to compel a party to produce or to permit the inspection of a book, document, or other paper. Section 804 provides that the rules of practice must prescribe the cases in which a discovery or inspection may be compelled, where the same are not prescribed by the Code. Court Rule 14, subd. 3, provides that either party may be compelled to make discovery, not only of books, etc., but of any article or property in his possession. *Held,* that Court Rule 14, subd. 3, so far as it provided for the production of articles or property other than books, etc., was inconsistent with section 803, and exceeded the authority given by section 804, and, even if valid, would not warrant an order to compel one who had contracted to build machines to assemble, install, and put them in operation and permit their inspection.

2. DISCOVERY—INSPECTION—MACHINERY—DISCRETION OF COURT.
    Where a contract to construct machines to be used in South America provided that tests thereof should be made there, and the machines, by reason of being designed to operate on material freshly cut, would not work successfully elsewhere, an order to compel the builder of the machines to assemble, install, and put them in operation will be denied, even though the court were authorized to grant the same.

Action by the Pina Maya-Sisal Company against the George L. Squire Manufacturing Company. Motion by plaintiff for an order compelling defendant to assemble the parts and set up for operation certain machines contracted to be built for plaintiff, and to permit plaintiff to inspect the same. Motion denied.

Guy B. Moore, for plaintiff.
Hiram H. Bacon, for defendant.

WHEELER, J. This is a motion on the part of the plaintiff for an order compelling the defendant to assemble the parts and set up for operation certain machines contracted to be built for the plaintiff, and to permit the plaintiff and its agents to examine and inspect the same in operation, with a view, of course, of ascertaining whether or not such machines comply with representations and guaranties claimed to have been made at the time of making the contract for their manufacture, some of which were embodied in the written agreement between the parties. The expenses incident to such an inspection the plaintiff offers to pay.

It appears from the moving papers that the machines in question are what are known as "fiber-cleaning machines," and were designed for sisal and pineapple fiber, and intended to be set up and operated in South America. All expenses incident to the installation of the machinery in South America were to be borne by the plaintiff, and the written contract provided that, if the parties failed to agree as to whether the machines were as guarantied or did the work intended, the dispute should be settled by the appointment of arbitrators, who should determine the question. It is evident from the contract that those tests were to be made in South America after installation, and where the leaves to be treated grow.

This action is brought for the rescission of the contract on the

ground of alleged misrepresentations inducing the execution of the agreement. Defendant's counsel insists that the court has no power to grant the order asked, and, if it has the power, should not be exercised as a matter of discretion. The court thinks the defendant right on both the grounds stated. Section 803 of the Code of Civil Procedure gives the court power to compel the production and inspection of "a book, document, or other paper." It gives no power to compel the production of any other article of personal property. It is true that by subdivision 3 of court rule 14 provision is made for the production and inspection of an "article or property in his possession or under his contract"; but it has been held in the case of Auerbach v. D., L. & W. R. R. Co., 66 App. Div. 202, 73 N. Y. Supp. 118, that section 804 of the Code of Civil Procedure, which provides the general rules of practice must prescribe the cases in which a discovery or inspection may be compelled, does not authorize the adoption of a rule which enlarges the things subject to an order for their production and inspection as provided in section 803, which in terms confines the operation of the section to "a book, document, or other paper," and that when the Supreme Court undertook by general rules to go beyond those subjects it exceeded its powers.

It is manifest, therefore, that the plaintiff is not entitled to even an inspection of the machines in question. The plaintiff, however, asked for an order requiring the defendant to go further, in that it asked the defendant should be required to assemble the parts, install the machines, and put them in operation for the plaintiff's benefit, that it might obtain evidence to aid it in the prosecution of this action. This would certainly be requiring the defendant to go far beyond the apparent provisions of rule 14, even if valid.

The affidavits of the defendant disclose that the tests proposed, if made, would demonstrate nothing, because the machines were designed to operate on material freshly cut, and that to test it upon material cut and transported from South America, after they had been subjected to climatic changes and become partially or wholly dried, would be most unfair to the defendant, and would demonstrate nothing as to the successful operation of the machines. This seems reasonable, and is borne out by the provisions of the contract itself, which provides for tests in South America. Certainly the defendant has the right to stand upon the tests provided and stipulated for in the contract between the parties, and is justified in refusing others to its prejudice.

The motion must be denied, with $10 costs.