(134 App. Div. 432.)

EHRICH v. ROOT et al.

(Supreme Court, Appellate Division, First Department.　November 12, 1909.)

1. EXECUTION (§ 364*)—SUPPLEMENTARY PROCEEDINGS—DISCOVERY OF JUDGMENT DEBTOR'S PROPERTY—POWER OF COURT.

The Code of Civil Procedure, conferring authority on the court in supplementary proceedings as to the discovery of property of the judgment debtor and delivery thereof to his receiver, authorizes an examination of the judgment debtor and of third parties. Section 2447 provides that, where it appears from the testimony in supplementary proceedings that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or control of another person, the court may direct the debtor or other person to pay the money or deliver the articles to a sheriff or receiver. *Held*, that the court could not thereunder compel a safe deposit company to permit the judgment debtor's receiver, appointed in such proceedings, to open a box in the vaults of the company standing in the joint names of the judgment debtor and another, and to examine the contents thereof, where no evidence was presented as to the contents of the box.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1100; Dec. Dig. § 364.*]

2. DISCOVERY (§ 86*)—JUDGMENT DEBTOR'S PROPERTY—POWER OF COURT.

No such power exists under Code Civ. Proc. § 803, which confers authority upon a court of record to compel a party to an action pending therein to discover a book, document, or other paper in his possession or under his control relating to the merits of the action or the defense, since under that section the moving papers must show that the paper, etc., the discovery of which is sought, is in existence, is in the possession or under the control of the party, and relates to the merits of the action or to the defense therein; the authority being conferred for the purpose of obtaining evidence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 110; Dec. Dig. § 86.*]

3. EXECUTION (§ 371*)—SUPPLEMENTARY PROCEEDINGS—DISCOVERY OF JUDGMENT DEBTOR'S PROPERTY—INHERENT POWER OF COURT.

The court has no inherent power to make an order for a discovery to aid a party in obtaining satisfaction of his judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1097; Dec. Dig. § 371.*]

4. SEARCHES AND SEIZURES (§ 7*)—UNREASONABLE SEARCHES.

The order would be an invasion of the judgment debtor's personal right, in violation of Const. U. S. Amend. 4, and Consol. Laws, c. 6, § 8, declaring that the right of the people to be secure in their persons, papers, etc., against unreasonable searches and seizures ought not to be violated, and that no warrants therefor can issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the things to be seized; such right extending to

letters and' sealed packages, and prohibiting searches for property other than those to aid in the administration of criminal law.

[Ed. Note.—For other cases, see Searches and Seizures, Cent. Dig. § 5; Dec. Dig. § 7.*]

5. APPEAL AND ERROR (§ 151*)—PERSONS ENTITLED—"PERSON AGGRIEVED."

The judgment debtor's personal right being invaded, he was a "person aggrieved," within Code Civ. Proc. § 1294, which limits the right of appeal to "a person aggrieved," though title to the contents of the box may have passed to his receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 947; Dec. Dig. § 151.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol. 8, pp. 7569–7570.]

6. APPEAL AND ERROR (§ 153*)—PERSONS ENTITLED—PERSON REMAINING OUT OF STATE TO AVOID EXAMINATION.

A nonresident judgment debtor, who has been a nonresident during the entire litigation, is not bound to come within the jurisdiction of the state, so that the judgment creditor may personally serve an order for his examination as to the contents of a safe deposit box in supplementary proceedings, and his failure to do so will not preclude his appeal from an order requiring the depositary to allow an inspection of the box.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 953; Dec. Dig. § 153.*]

7. APPEAL AND ERROR (§ 153*)—PERSONS ENTITLED—PERSONS REMAINING OUT OF THE STATE TO AVOID SERVICE OF PROCESS.

The fact that the judgment debtor remained without the jurisdiction of the state would not deprive him of the right to defend his personal and property rights by appeal or otherwise against unauthorized steps in supplementary proceedings, though it might justify staying affirmative proceedings on his part until he comes within the jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 953; Dec. Dig. § 153.*]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Supplementary proceedings by Samuel W. Ehrich, judgment creditor, against Henry A. Root, judgment debtor, and another. From an order directing a safe deposit company to permit the judgment debtor's receiver to open a safe deposit box in its vaults and examine the contents thereof, the judgment debtor appeals. Order reversed, and motion denied. Motion to dismiss appeal denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William H. Corbitt, for appellant.
Herbert R. Limburg, for respondents.

LAUGHLIN, J. In an action brought in the Supreme Court in the county of New York by Samuel W. Ehrich against the appellant a judgment was duly entered in favor of the plaintiff on the 4th day of November, 1908, for $4,926.95 on a verdict. Execution was duly issued on the judgment on the 7th day of December thereafter, and it was returned wholly unsatisfied, and remained wholly unpaid at the time proceedings supplementary to execution were instituted, and only the sum of $94.27 has been recovered by the receiver. An order was

'For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made by a justice of the court on the 18th day of March, 1909, ·directed to the Madison Safe Deposit Company, a third party, in the proceedings supplementary to execution, and on the examination of the manager of that safe deposit company's branch office at Broadway and Seventy-Second street it appeared that on the 25th day of June, 1907, ·one Henry A. Root and Mrs. Ellen S. Cornue took a safe deposit box at said branch of the safe deposit company in their joint names, and that it still so remained on the books of the company, and that by the terms of the agreement under which it was taken it cannot be opened by either without the other, except in case of the death of one of them. We will assume that the judgment debtor is the party interested in the· safe deposit box with Mrs. Cornue; but the fact is not shown otherwise than by the identity of names. Notice of the application for the order was given to the safe deposit company, which appeared by ,its attorneys and objected thereto. No notice was given to Mrs. Cornue. Notice was given to the judgment debtor, evidently by service on his ·attorneys of record in the action, and they appeared for him specially and opposed the motion. The order was granted, and the judgment ·debtor alone appeals.

We are of opinion·that the court was without authority to make the order. The authority of the court to make orders in proceedings supplementary to execution is prescribed by the Code of Civil Procedure. Section 2447 of the Code of Civil Procedure provides as follows:

"Where it appears, from the examination or testimony, taken in a special proceeding authorized by this article, that the judgment debtor has, in his possession or under his control, money or other personal property, belonging to him, or that one or more articles of personal property, capable of ·delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may, in his ·discretion, and upon such a notice, given to such persons, as he deems just, or without notice, make an order, directing the judgment debtor, or other person, immediately to pay the money, or deliver the articles of personal property, to a sheriff, designated in the order, unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that ·case to the receiver."

The only provisions we find in the Code of Civil Procedure conferring authority upon the court with respect to the discovery of property of the judgment debtor and the delivery thereof to the receiver are the provisions authorizing an examination of the judgment debtor and of third parties, and the provisions of section 2447 herein quoted. It is manifest that this is not an application for an examination of the judgment debtor or of a third party; and it is equally clear that the provisions of section 2447 of the Code of Civil Procedure herein quoted only relate to specific personal property of the judgment debtor shown to be in existence and in his possession or under his control, or ·in the possession or under the control of another, and the court is only authorized to give directions concerning the same where the right of the judgment debtor to the possession thereof is not substantially disputed.· No evidence was presented to the court with respect to the contents of the box. For aught that appears, ·it may contain private :letters or papers of Mrs. Cornue, or of the judgment debtor, or of

both of them, or of another or others, which have been intrusted to their care. The order does not purport to direct that the contents of the box be delivered to the receiver. Its express purpose is to give him an inspection of the contents of the box, no matter what may be found therein, or whose private papers or documents or property may be there.

The learned counsel for the receiver and judgment creditor does not attempt to sustain the order by virtue of the provisions of said section 2447, nor does he attempt to sustain it by virtue of the provisions of section 803 of the Code of Civil Procedure, which, at the time the order was made, conferred authority upon a court of record to compel a party to an action pending therein "to produce and discover, or to give to the other party, an inspection and copy or permission to take a copy, of a book, document, or other paper, in his possession or under his control, relating to the merits of the action, or of the defense therein"; and it is quite evident that it cannot be sustained by virtue of the provisions of that section, for, to sustain an order thereby authorized, the moving papers must show that the book, document, or paper, the discovery of which is sought, is in existence, is in the possession or under the control of the party, and relates to the merits of the action or of the defense therein, and it is well settled that this authority is conferred for the purpose of obtaining evidence. Hallenbeck v. Parr, 65 App. Div. 167, 72 N. Y. Supp. 488.

This section was amended by chapter 173, p. 281, of the Laws of 1909, which took effect on September 1, 1909, after the order in question was made, by adding authority to compel the production and discovery "of any article of property" in the possession or under the control of a party, relating to the merits of the action or of the defense therein. It may be observed, although the question is not presented for decision, that that amendment would not aid the receiver and judgment creditor; for it likewise requires that the property be shown to be in existence and to relate to the issues, and was intended to authorize the production and discovery of property for the purpose of obtaining evidence to be used in the prosecution or defense of an action. It was doubtless intended to afford a remedy which subdivision 3 of rule 14 of the general rules of practice was designed to give. That had been held to be invalid, as exceeding the authority to make rules conferred by section 804 of the Code of Civil Procedure, which was declared by numerous decisions of the courts to be limited to the cases expressly provided for in said section 803. Pina Maya Sisal Co. v. Squire Mfg. Co., 55 Misc. Rep. 325, 105 N. Y. Supp. 482; Auerbach v. Delaware, L. & W. R. R. Co., 66 App. Div. 201, 73 N. Y. Supp. 118; Kennedy v. Nichols, 33 Misc. Rep. 726, 68 N. Y. Supp. 1053. See, also, Cooke v. Lalance Grojean Mfg. Co., 29 Hun, 641.

An observation was made by the court in the Cooke Case, supra, which is quite in point here. In that case the court, in reversing an order for the inspection of the machine on which an accident occurred, say:

"This order is founded on an affidavit of the plaintiff's attorney that he cannot cross-examine his client on the preliminary examination before trial, or comprehend such examination, without an inspection of the machine pre-

vious thereto. There is neither power nor discretion in this court to assist him in that respect. Such an exercise of power would be a usurpation of authority to search and inspect the private premises of a citizen, in a manner and for a purpose not tolerated by our law. Even the power vested in the courts to order discovery and inspection of books of account and documents is discretionary, and not obligatory, and is exercised with great caution, where the party applying has some right or interest in the accounts or papers. No discovery or inspection will be ordered even of account books or documents which are of strictly private character. The dwellings of our citizens will be of small security to them, if they may be invaded by their enemies and searched for articles of personal property, to be inspected under an order of a court. Such a proceeding would be at war with all our traditions as freemen, and should find justification in some direct mandate of the law at least."

The case at bar is quite like Hallenbeck v. Parr, supra. It was there held by this court that the Legislature had not conferred upon the courts, by the provisions of sections 803, 804, and 805 of the Code of Civil Procedure, authority to make an order for the discovery of the contents of a vault in a safe deposit company, for the purpose of enabling the plaintiff to frame her complaint. The vault, at the time of the application, stood on the records of the safe deposit company in the name of the defendant; but the plaintiff claimed that it belonged to her testator, who originally held it in his own name and subsequently had it transferred to the name of the defendant, but always retained the key and the exclusive use of it. The object of the inspection was to obtain a description of the property in the vault. We then construed these provisions as limited to a discovery for the purpose of obtaining evidence to be used in the action, and also expressed the opinion that the court had no inherent power to make such an order.

The learned counsel for the receiver and judgment creditor seeks to sustain this order on the theory that the court had inherent power to make it, and not by virtue of any authority conferred by the Legislature. We think otherwise. Surely the court can have no more inherent power to make an order for a discovery to aid a party in obtaining satisfaction of his judgment than it has to aid him in obtaining the judgment. The courts are not bound to provide remedies to insure the satisfaction of all judgments. Moreover, we are of opinion that such an order is an unauthorized invasion of personal rights. Even though the judgment creditor has no other remedy to reach any property of the judgment debtor that may be in the safe deposit box, that does not justify the court in departing from the established practice and attempting to extend its jurisdiction to the border line of the protection guaranteed to the people by the fourth amendment to the federal Constitution and afforded by our Bill of Rights, if, indeed, it would not cross the same. It may be observed, however, that it is open to the judgment creditor to sue over the judgment where the judgment debtor resides, and he may be able to obtain an examination of him there to ascertain what property he has and where it is.

The respondents made an original motion to dismiss the appeal upon the ground that the appellant is not aggrieved by the order, and therefore was without authority to take the appeal, under section 1294 of the Code of Civil Procedure, which limits the right of appeal to "a party aggrieved." Many cases are cited tending to show that a

party who is not interested in the subject-matter of an order or judgment, or who has parted with his interest, is not a party aggrieved, within the meaning of this section. We are of opinion that this case is distinguished from those cited upon the ground that here a personal right of the appellant is about to be invaded by the order from which the appeal is taken, and that upon that theory he is a party aggrieved. If it should appear that the box, instead of containing property of the judgment debtor, contains personal letters or private papers of his own, or of Mrs. Cornue, or of others, which have been intrusted to his care, but which have no actual money value, the title thereto has not passed to the receiver, and the appellant is aggrieved by having them subjected to the inspection of the receiver. As well might it be said that the court might make an order to search the judgment debtor's house, and that he could not appeal from the order, because he could not be aggrieved, on the theory that, if he had any property there, title to it had passed to the receiver. Under the broad provisions of the fourth amendment to the federal Constitution and of our Bill of Rights (Consolidated Laws, c. 6, § 8), which is substantially the same as that enacted in the other states of the Union, it has been held that the right to security of one's person, house, papers, and effects against unreasonable searches and seizures extends as well to letters and sealed packages (Ex parte Jackson, 96 U. S. 727, 24 L. Ed. 877), and prohibits searches for property other than those to aid in the administration of the criminal·law (Robinson v. Richardson, 13 Gray [Mass.] 454, Ex parte Clarke, 126 Cal. 235, 58 Pac. 546, 46 L. R. A. 835, 77 Am. St. Rep. 176). See, also, Hale v. Henkel, 201 U. S. 43, at page 77, 26 Sup. Ct. 370, 50 L. Ed. 652.

The motion to dismiss the appeal is also based on an affidavit tending to show that the appellant remains out of the jurisdiction of the state for the purpose of avoiding service of an order for his examination by which the contents of this box might be ascertained. The difficulty with that objection is that the appellant is a nonresident of the state, and he has been a nonresident during all the times in question. He is therefore under no obligation to come within the jurisdiction of the state. The judgment creditor, in suing a nonresident here, instead of going to the state where he resides, took the risk of not being able to get personal service upon him of any order that might require personal service within the state. Moreover, the fact that the party remains without the jurisdiction of the state does, not deprive him of the right to defend his personal and property rights, by appealing or otherwise, against unauthorized steps and proceedings in the action, although it might justify staying affirmative proceedings on his part until he comes within the jurisdiction.

It follows, therefore, that the motion to dismiss the appeal should be denied, and the order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, CLARKE, and HOUGHTON, JJ., concur. SCOTT, J., dissents, on the ground that appellant is not aggrieved.