### FRIEDMAN v. STEIN.

(Supreme Court, Special Term, Kings County. November 9, 1911.)

1. EXECUTION (§ 364*)—SUPPLEMENTARY PROCEEDINGS—POWER OF COURT—PROPERTY IN POSSESSION OF THIRD PERSON.

Code Civ. Proc. § 2447, which empowers the court to direct a third person in the possession of specific personal property of a judgment debtor to deliver such property to a sheriff or receiver, is expressly limited to property as to which the rights of the debtor are not substantially disputed.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1100, 1101; Dec. Dig. § 364.*]

2. EXECUTION (§ 405*)—SUPPLEMENTARY PROCEEDINGS—RECEIVER.

Under Code Civ. Proc. § 2447, the proper procedure, where the question of title to property in the hands of a third person is raised, is to appoint a receiver, who can test the question by action, and not to determine the question upon motion.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 405.*]

Action by one Friedman against one Stein. Third party order entered for delivery of personal property by a loan company subject to its lien; and motion denied as to the remainder of the property mentioned in the moving papers.

David Weiss, of New York City, for plaintiff.
Henry Silverman, of New York City, for defendant.

KAPPER, J. [1] Section 2447 of the Code, empowering a judge to order the property of a judgment debtor held by a third person to be turned over to the sheriff, relates only to specific personal property of the judgment debtor shown to exist, and where the right of the debtor thereto is not substantially disputed. Matter of Ehrich, 134 App. Div. 432, 119 N. Y. Supp. 395; Krone v. Klotz, 3 App. Div. 587, 38 N. Y. Supp. 225. A substantial dispute as to the judgment debtor's ownership of the property, except the watch chain and locket, is presented.

[2] The rule is that, where the question of the title to property in the hands of a third person is raised in supplementary proceedings, the

proper procedure is to appoint a receiver, who can test the question by action, and not to determine the matter upon motion. Matter of Thompson, 47 Misc. Rep. 357, 360, 94 N. Y. Supp. 31.

An order may be entered for the delivery, subject to the loan company's lien, of the watch and locket, but denying the motion as to the remainder of the property mentioned in the moving papers, without costs. Submit order.