## SECOND DEPARTMENT, FEBRUARY, 1955.

## (February 7, 1955.)

ELIZABETH I. BEASLEY, Respondent, v. HUNTLEY ESTATES AT ARDSLEY, INC., et al., Defendants, and FRANK BRACALELLO, INC., Appellant.— In an action to recover for damage done to respondent's building, stone walls, and appurtenances, by blasting operations performed by appellant while developing and building on real property adjacent to respondent's property, and for damage caused by appellant's alleged trespasses, the appeal is from so much of an order as denies appellant's motion for the issuance of a commission to take the testimony of the president of an insurance company, in Connecticut, concerning reports of inspection and records and documents pertaining to the claim filed by respondent under a fire insurance policy with extended coverage for damage caused by explosion. The order directing the issuance of the commission limited the testimony to proofs of loss or statements filed by respondent with respect to her claim with the insurance company for blasting damages, not including releases and settlement papers signed by her in compromise of her claim against the insurance company. The order also provided that the parties could stipulate for the furnishing of copies by the insurance company of the proofs and statements concerning which the examination was granted, in lieu of the examination. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. Respondent settled her claim with the insurance company for a sum less than the amount sued for in this action, receiving payment and

executing a loan agreement to repay the loan from the proceeds of this action if she recovered the amount of the loan or a greater amount for the blasting damage. The appellant seeks an examination of the file of the insurance company including its investigative reports and settlement papers. While the insurance company's file is now in its office in Connecticut, its president has no personal knowledge of the transaction. In effect, the order is one for discovery and inspection. The appellant claims that it will be hampered in establishing whether the repairs made by the respondent were made necessary as a result of the blasting damage or as a result of the natural deterioration of a 200-year-old house. It seeks to establish fraud on the part of the respondent based on the difference between the amount sued for and the amount for which the respondent settled her claim. The insurance company is not a party to this action and is not a necessary party. (Civ. Prac. Act, § 210; *Barnes & Co.* v. *Remington Opt. Corp.,* 198 Misc. 746, affd. 278 App. Div. 943.) Special Term properly refused examination other than that granted. (*Faendrick* v. *Allied Aviation Service Int. Corp.,* 284 App. Div. 898; *Tennant* v. *Dudley,* 144 N. Y. 504; *Pike* v. *Balmar Constr. Co.,* 200 Misc. 371, affd. 279 App. Div. 590.) Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.