■ MELVILLE J. GOLDING, Plaintiff, v. DOROTHY S. GOLDING, Respondent. GOLDING BROS. COMPANY, INC., et al., Appellants.— In an action for separation, the appeal is from an order denying appellants' motion to vacate and quash subpœnas duces tecum served on them, and for other relief. The order appealed from directed appellants, corporations in which the plaintiff had interests, to produce certain books and documents for "inspection and copy" by respondent. Order modified (1) by striking from the first ordering paragraph everything following the words "hereby is" and by substituting therefor the words and figures "granted to the extent of (a) striking from each of said subpœnas the items numbered '1', '2', '3', '4', '6', '10', '11', '12', and '13', (b) by striking from each of said subpœnas the item numbered '5' and by substituting therefor the words and figures '5. All financial statements showing the assets and liabilities of the corporation for the year 1957', (c) by striking from each of said subpœnas the item numbered '18' and by substituting therefor the words and figures '18. All ledgers and books of account relating to life insurance premiums paid by the corporation on life insurance policies issued on the life of the plaintiff for the years 1952 through 1957', and (d) by striking from each of said subpœnas the item numbered '21' and by substituting therefor the words and figures '21. Ledgers or other books of account showing salaries, dividends or other forms of remuneration paid

by said corporation to the plaintiff for the years 1952 through 1957', and in all other respects the motion is denied, and it is further" and (2) by striking from the second ordering paragraph the words "for inspection and copy by defendant until completed" and by inserting after the name "Melville J. Golding" the words and figures "for use upon said examination as provided in subdivision 1 of section 296 of the Civil Practice Act". As so modified, order affirmed, without costs. Upon this record we are unable to determine that the items which we have deleted from the subpœnas are material or necessary to the respondent's case. If respondent is unable to obtain from the books and records directed to be produced sufficient information as to plaintiff's financial worth, she may move for a further examination, specifying in detail the books or records which she requires to be produced. There is no authority for the direction in the order that the books and records be produced for inspection and copy. An order for discovery and inspection of books and records may be issued only against a party to the action in which the application for such relief is made (*Rubel Corp.* v. *Rosoff*, 251 App. Div. 868; *Beasley* v. *Huntley Estates at Ardsley*, 137 N. Y. S. 2d 784, affd. 285 App. Div. 887; *Goldstein* v. *Kaye*, 2 A D 2d 889). Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.