Chables Mabgett, J.
The plaintiff, while at work as a welder for the Colonial Sand & Stone Company, was injured when a grinding wheel, which was in use by a fellow employee, burst. He sued the defendant, the manufacturer of said grinding wheel, whose answer denies the material allegations of the complaint. Plaintiff now moves to direct his employer’s compensation carrier, the Travelers Insurance Company, to produce for discovery and inspection the grinding wheel involved in the accident, as well as all investigative reports made by said company with regard to this accident.
The plaintiff claims that the grinding wheel involved in this accident is in the possession of his employer’s compensation carrier which has refused to permit his attorney to inspect, photograph and have experts examine it because the compensation carrier ‘ ‘ believed a cross-action would be commenced against one of the assureds who had something to do with the manufacture of the wheel or against the employer itself.”
An affidavit submitted by an attorney for the compensation carrier does not deny any of the foregoing. He contends that since neither the carrier nor plaintiff’s employer, Colonial Sand & Stone Company, are parties to the action, there can be no discovery and inspection, pursuant to section 324 of the Civil Practice Act and rule 140 of the Buies of Civil Practice.
Following the receipt of this opposing affidavit, the plaintiff,: by separate motion, moved to examine before trial his employer’s *889 compensation carrier as a hostile witness and for the production, pursuant to section 296 of the Civil Practice Act, of the “ books, records, files, investigative reports and other material relating thereto, ’ ’ claiming that said compensation carrier obtained the wheel from its assured and 1 ‘ had special tests performed on the said wheel which would bear directly on this plaintiff’s cause of action against the manufacturer of the wheel. ’ ’
An affidavit submitted by the attorney for the compensation carrier states that under the standard workmen’s compensation policy issued herein, said compensation carrier is obliged to defend plaintiff’s employer, Colonial Sand & Stone Company, not only in respect to compensation claims, but also against suits brought directly by an employee or where such employer may be impleaded in an action brought by such employee; that the files and records compiled by said compensation carrier were made in preparation of a defense for possible hearings and trials in which plaintiff’s employer may be a third-party defendant, and that the statements of such employer to it were intended “ as a communication by them to the attorney ultimately to be retained for them by the carrier, under their contract; and that such statements have the status of confidential and privileged communications. ’ ’
Another affidavit submitted in opposition is by an attorney for the defendant in this action. His grounds for the denial of the motion are that no special circumstances have been shown that the testimony of the Travelers Insurance Company would be both material and necessary and that “ If the tests were made by independent experts, there appears to be nothing to prevent the plaintiff’s attorney from spending his own money and having his own tests made.”
That is precisely what the plaintiff is willing to do. He has moved for a discovery and inspection of the grinding wheel in possession of his employer’s compensation carrier to enable him to make the necessary tests at his own expense. The compensation carrier, however, refuses to cooperate, resting upon the ground that discovery under section 324 of the Civil Practice Act and rule 140 of the Buies of Civil Practice is limited to a party or parties to an action and that neither it nor its principal, Colonial Sand & Stone Company, are parties to this action nor agents or attorneys for any party associated with this action.
This, unfortunately, is true. Both under section 324 of the Civil Practice Act and rule 140 of the Buies of Civil Practice implementing it, only a party to a pending action may be directed “ to make discovery of any article or property, in his *890 possession or under his control, relating to the merits of the action, or of the defense therein.” And so it was held by the Appellate Division of the Second Department in Rubel Corp. v. Rosoff (251 App. Div. 868) and Goldstein v. Kaye (2 A D 2d 889). Indeed, in Beasley v. Huntley Estates at Ardsley (137 N. Y, S, 2d 784, affd 285 App. Div. 887), it was held that a party is not entitled to a discovery and inspection of papers and records in the custody of a third person not a party to an action and not under the control of such party and that he may not have such inspection in connection with such third party’s pretrial examination as a witness.
In the face of statute and rule limiting inspection to parties to an action, this court cannot grant discovery and inspection here based upon inherent power. (Cf, Hallenbeck v. Parr, 65 App. Div. 167, 169.) The compensation carrier is not a party to this action nor is the grinding wheel in question under the control of a party thereto. (Jaffe v. City of New York, 196 Misc. 710, Beldock, J.)
As for examining the compensation carrier as a hostile witness, its information is obviously confined to reports concerning the accident, including experts’ findings of the condition of the grinding wheel. These can neither be the subject of discovery and inspection nor pretrial examination. (Tavern Fruit Juice Co. v. Long Is. R. R. Co,, 279 App. Div. 985; Latorre v. Pepsi Cola Metropolitan Bottling Co., 204 Misc 184; Hollien v. Kaye, 194 Misc. 821.)
For all of the foregoing reasons, this court is constrained to deny both motions, without prejudice to compelling the production of the grinding wheel upon a subpoena duces tecum in the event that the defendant is examined before trial. (Harbaugh v. Middlesex Securities Co., 110 App. Div. 633.)
Settle orders.