MARY R. BEYER, an Infant, by Her Guardian ad Litem, ALBERT BEYER, et al., Respondents, v. EDWARD KELLER et al., Appellants.

First Department, November 29, 1960.

*James J. Malloy* of counsel (*Flood & Malloy*, attorneys), for appellants.

*Eugene L. Sugarman* of counsel (*Sugarman, Kuttner & Fuss*, attorneys), for respondents.

*Per Curiam.* This case again presents the question of whether post-accident statements taken by investigators should be made available in advance of trial at the request of a party. Special Term here granted the plaintiffs' application and directed that a copy of the statement given by the mother of the injured infant plaintiff be delivered to the plaintiffs' attorneys.

The infant plaintiff, then two years of age, was bitten by a dog owned by the defendant. The child's mother was an eyewitness to the occurrence. Two days after the incident, and before counsel had been retained, a representative of defendants' insurance carrier visited the mother and obtained a statement from her without leaving a copy thereof. It is an examination of this statement which was granted.

In the case of *Totoritus* v. *Stefan* (6 A D 2d 123, 125) we directed the defendant to furnish to the plaintiff copies of a statement made by the plaintiff to the defendant's investigator. We then said: " This holding is consonant with the policy of broadening pretrial discovery ", and we further alluded to " the danger and unfairness which frequently occur in the taking of statements from laymen by laymen in the absence of counsel or legal advice." However, in a previous decision, i.e., in the case of *Urbina* v. *McLain* (4 A D 2d 589) we refused to grant the inspection of such a statement where it was that of a witness rather than that of a party. In that case the statement was that of an 11-year-old sister of the child for whose wrongful death suit was brought. We there held that because such statement was not evidence in chief we would not consider it as coming within section 324 of the Civil Practice Act which empowers the court in certain circumstances to direct discovery

and inspection. However, we believe that we should now take a broader view than was taken by us in the *Urbina* case, with respect to the availability of pretrial statements in special circumstances. Should such circumstances be found the court would have the power to do so, for, except by our judicial interpretation there is nothing in section 324 which makes it a mandatory condition that the documents sought to be inspected or delivered be evidence in chief. No substantive rights of the parties would be affected if such inspection should be granted. We should not hesitate to grant such relief if it advances the desired objective of an open and fair trial. In this case the testimony of the mother, who, incidentally, could have been designated as a guardian *ad litem* for the injured plaintiff had she made that application, is of considerable importance because she was an eyewitness to the accident. The injured party, having been but two years of age at the time of the accident, cannot testify. In reality the mother stands in place of the infant plaintiff. While the statement the mother gave would not be binding upon the child and thus cannot be deemed an admission and be used as evidence in chief, yet, if inconsistent with the testimony which the mother will undoubtedly give, it will have to be considered by the trier of the facts, if offered by way of impeachment. Thus the statement, if not evidence in chief, is at least contingent or probable evidence so as to come within a liberally and broadly construed section 324. The possible dangers of unfairness above alluded to are just as strong here as they would be in a case where a party to the action were the one who gave the statement. We, therefore, believe that in the interest of justice and in furtherance of the policy of more complete disclosures before trial, the position we took in the *Urbina* case should be broadened to permit the inspection of a statement given by a witness, as well as one given by a party, in circumstances such as these where there is a disability on the part of the injured person to testify and where there is such a close relationship between the witness whose statement was taken and the person injured. To the extent that this holding conflicts with the holding in the *Urbina* case the latter is overruled.

Accordingly, the order granting inspection should be affirmed, with costs.

McNALLY, J. (dissenting). Involved is the power to compel the defendants-appellants to discover the signed statement of the mother of the infant plaintiff in an action for personal injuries.

In *Urbina* v. *McLain* (4 A D 2d 589), decided November 26, 1957, we denied the discovery of the statement of a witness holding that it did not relate to the merits of the action because the document sought to be inspected was not evidence. In *Totoritus* v. *Stefan* (6 A D 2d 123), decided July 1, 1958 by a divided court, this court affirmed an order directing the defendant to furnish copies of a statement made by the plaintiff to the defendant's investigator. In so doing the majority observed the statement was obtained before plaintiff was represented by counsel and he was not given a copy of the statement signed by him. In that decision the principle set forth in *Urbina* was affirmed.

In the case at bar, the majority overrules *Urbina* and holds the statement of a witness may be discovered despite the absence of special circumstances. I can see no reason to change the existing rule.

It is perfectly obvious the testimony of the mother will be available to the infant plaintiff and it is not claimed the statement was obtained by fraud, deception or unfair means or that its content is not in accord with the information furnished by her. The statement in plaintiffs' brief that the mother was the only eyewitness finds no support in the record. The affidavit of plaintiffs' attorney, the only affidavit in support of the application, states: "At the time of the aforesaid occurrence, Agnes Beyer, the mother of the infant plaintiff, was also on the defendants' premises." It does not state whether or not other persons were present.

If a statement is discoverable simply because it is made by the mother of the infant party plaintiff, then the statement of any unrelated witness, whose testimony may not be as available to the moving party as is that of the mother of this plaintiff, is subject to discovery. The holding of the majority goes much further than is proposed in the First Preliminary Report of the Advisory Committee on Practice and Procedure (rule 34.1, subd. [d], p. 121) submitted to the Governor and the Legislature of New York State.

*McQuigan* v. *Delaware, Lackawanna & Western R. R. Co.* (129 N. Y. 50, 55) shows that the power of the courts to require a discovery such as here involved is purely statutory. In *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24) the court reiterated the court's power to require a discovery is grounded solely on statute. The court there held (p. 29): "Documents to be subject to inspection must be evidence themselves". Emphasizing the requirement that the documents sought to be discovered must be primary evidence, the court also said (p. 33):

" She does not ask that she inspect any confession made in her name and admissible against her. * * * She asks that she examine the incriminating statements of a conspirator whose confessions will not be evidence except against himself." The limited statutory power of the courts in respect of discovery was also recognized by this court in *Matter of Ehrich* v. *Root* (134 App. Div. 432) and *Hallenbeck* v. *Parr* (65 App. Div. 167, 169).

This court has consistently held that the documents sought to be discovered must be evidence. (*Totoritus* v. *Stefan*, 6 A D 2d 123, *supra*; *Urbina* v. *McLain*, 4 A D 2d 589, *supra*; *Weistrop* v. *Necchi Sewing Mach. Sales Corp.*, 1 A D 2d 822, affg. 2 Misc 2d 312; *Naiman* v. *Niagara Falls Ins. Co.*, 283 App. Div. 1016; *Matter of Ehrich* v. *Root, supra.*)

That the documents discovered are required to be primary evidence is also demonstrated by the weight of authority in this State. (Second Department: *Matter of Silver* v. *Sobel*, 7 A D 2d 728; *Beasley* v. *Huntley Estates at Ardsley*, 285 App. Div. 887, affg. 25 Misc 2d 43; *Faendrick* v. *Allied Aviation Service Int. Corp.*, 284 App. Div. 898; *People ex rel. Mergenthaler Linotype Co.* v. *Mills*, 273 App. Div. 860; *Raleigh* v. *City of New York*, 264 App. Div. 776; *Ehrlich* v. *New York Cent. R. R. Co.*, 251 App. Div. 721; *Falco* v. *New York, New Haven & Hartford R. R. Co.*, 161 App. Div. 735. Fourth Department: *Haffenberg* v. *Wendling*, 271 App. Div. 1057.)

The order appealed from should be reversed and the motion denied.

BREITEL, J. P., RABIN, VALENTE and BASTOW, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents and votes to reverse in opinion.

Order, entered on June 15, 1960, ordering the defendants to deliver to the attorneys for the plaintiffs an exact copy, in its entirety, of a written statement of Agnes Beyer, affirmed, with $20 costs and disbursements to the respondents.