RAYMONITA PADILLA, an Infant, by RAYMOND PADILLA, Her Guardian ad Litem, Respondent, *v.* KYRIACO DAMASCUS et al., Appellants.

First Department, March 6, 1962.

*Sidney Advocate* of counsel (*Irving Segal,* attorney), for appellants.

*Bernard Kessler* for respondent.

BOTEIN, P. J. By arrangement between the attorneys for the parties after joinder of issue in this personal injury action.

plaintiff was examined in behalf of defendants by a Dr. Felix Grayson. At the time of the examination plaintiff's attorney exhibited to Dr. Grayson '' all medical documents, reports and hospital records '' and thereafter forwarded to defendants' attorney the report of plaintiff's physician and an authorization to obtain and make copies of the hospital records. When a request for a copy of Dr. Grayson's report was not honored, plaintiff moved for a direction that it be furnished. Defendants, citing *Curran* v. *Casella* (8 A D 2d 423), opposed on the ground that the examination was not held pursuant to rule XII of the New York County Supreme Court Trial Term Rules. The court granted the motion on the authority of *Totoritus* v. *Stefan* (6 A D 2d 123), and found *Curran* v. *Casella* not in point, '' since in that case the motion was made pursuant to Rule XII, whereas in the case at bar, the instant motion is not predicated upon that rule.''

While we agree with the disposition by the court below, we reach it on somewhat different grounds. Rule XII provides: '' In all actions in which recovery is sought for personal injuries, disability or death, except actions for medical or dental malpractice, physical examinations and the exchange of medical information shall be governed by the provisions hereinafter set forth.'' The fact that plaintiff's motion does not explicitly purport to be predicated on the rule does not mean that the rule has no force in a related situation. Sporadic departure from its mandates would undermine its objective of fair and orderly procedure, and, indeed, where the rule may operate unsuitably, relief is obtainable under subdivision 10.

But, as in other pretrial procedures, strict adherence to the pattern of the rule is not required if, to serve their own convenience, the parties stipulate otherwise and if the stipulation is consonant with the purposes of the rule. In effect, such is the case here. Defendants might have given formal notice under the rule of an examination by Dr. Grayson. This would have started a process by which the report of plaintiff's physician would have been submitted to Dr. Grayson, the plaintiff would then have been examined by him, and pursuant to subdivision 3 of the rule his report would thereafter have been furnished to plaintiff. Here the attorneys agreed that the same steps should be accomplished informally. To hold defendants to the agreement does no violation to rule XII. Nor is the doctrine of *Curran* v. *Casella* (*supra*) violated in any material sense, for Dr. Grayson was apprised of the nature of plaintiff's physical claim at the time of his examination, and the report of plaintiff's physician was delivered to defendant.

We are quite aware that there was no express, formal agreement between the attorneys. But physical examinations are virtually *sine qua non* of personal injury practice, and it is highly unlikely that a lawyer, particularly one representing a casualty insurance company, would be unacquainted with rule XII. We have no doubt that the attorneys here intended and implicitly undertook to comply, albeit informally, with the fundamentals of the rule. No statement by defendants' attorney that he did not expect to deliver Dr. Grayson's report can be found in his affidavit.

Defendants argue further that the " essential effect " of withholding a physician's report is to preclude his testimony at the trial, and they sharpen their point by reference to a fact not known to the court when it decided the motion, namely, that Dr. Grayson died after the motion was heard. If reports were exchanged solely to assist cross-examination of medical witnesses, their absence from the stand, whether by preclusion or death, would indeed render the reports useless. But the aim of rule XII is true pretrial discovery — that each party should know as much about the other's claim as is fairly and appropriately possible. Various ends are served when the boundaries of the respective medical claims are delineated and revealed. Issues are narrowed, surprise avoided, pretrial dispositions by settlement or otherwise aided, the burdens of preparation lightened, the number of medical witnesses reduced. To say that the delivery of Dr. Grayson's report would have been conducive to none of these ends because of his death is to engage in unwarranted speculation.

In fact, subdivision 8 of the rule is concerned with more than preclusion of testimony. It provides, subject to contrary judicial determination, that " no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged ". Plaintiff here alleges complete deafness as the result of defendants' negligence. Let us assume that Dr. Grayson's report fully confirmed this condition, that the report was delivered to plaintiff, and that Dr. Grayson was living at the time of trial. Presumably, whether he testified or not, plaintiff could justifiably object to evidence of only partial deafness. Withholding the report in these circumstances would be a deprivation prejudicial to plaintiff. If we again assume the same state of facts, except that Dr. Grayson is not living and that defendants cause plaintiff to be examined by another physician who finds only partial deafness or that defendants make no further examination at all, plaintiff may be similarly prejudiced. May

evidence of partial deafness be introduced? No answer need be furnished. The point is that withholding Dr. Grayson's report deprives plaintiff of the means and opportunity to even challenge the admissibility of such evidence.

Defendants in good faith should have delivered Dr. Grayson's report, are able to do so, and have not done so. In our opinion they have not shown that plaintiff can make no legitimate use of the report and that its delivery would serve none of the purposes of rule XII.

Accordingly, the order directing defendants to furnish plaintiff with a copy of the report of their examining physician, should be affirmed, with costs.

McNALLY, J. (dissenting). I dissent and vote to reverse and deny the motion.

Involved is the power to compel defendants to produce for discovery and inspection a copy of the report of their deceased examining physician in an action for personal injuries.

It has been repeatedly held that discovery is purely statutory. (*McQuigan* v. *Delaware, Lackawanna & Western R. R. Co.*, 129 N. Y. 50, 55; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24; *Hallenbeck* v. *Parr*, 65 App. Div. 167; *Matter of Ehrich* v. *Root*, 134 App. Div. 432.) Section 324 of the Civil Practice Act provides for discovery of " a copy or photograph of a book, document, or other paper * * * relating to the merits of the action ". The weight of authority in this State is that documents sought to be discovered must be primary evidence. (*McQuigan* v. *Delaware, Lackawanna & Western R. R. Co.*, *supra*; *People ex rel. Lemon* v. *Supreme Court*, *supra*; *Beyer* v. *Keller*, 11 A D 2d 426, 430; *Totoritus* v. *Stefan*, 6 A D 2d 123; *Urbina* v. *McLain*, 4 A D 2d 589; *Weistrop* v. *Necchi Sewing Mach. Sales Corp.*, 1 A D 2d 822, affg. 2 Misc 2d 312; *Naiman* v. *Niagara Falls Ins. Co.*, 283 App. Div. 1016; *Matter of Ehrich* v. *Root*, *supra*; *Matter of Silver* v. *Sobel*, 7 A D 2d 728; *Beasley* v. *Huntley Estates at Ardsley*, 285 App. Div. 887, affg. 25 Misc 2d 43; *Faendrick* v. *Allied Aviation Serv. Int. Corp.*, 284 App. Div. 898; *People ex rel. Mergenthaler Linotype Co.* v. *Mills*, 273 App. Div. 860; *Raleigh* v. *City of New York*, 264 App. Div. 776; *Ehrich* v. *New York Cent. R. R. Co.*, 251 App. Div. 721; *Falco* v. *New York, New Haven & Hartford R. R. Co.*, 161 App. Div. 735; *Haffenberg* v. *Wendling*, 271 App. Div. 1057.)

The First Department in *Urbina* v. *McLain* (*supra*), decided November 26, 1957, reiterated and reaffirmed the limitation of discovery to primary evidence. On July 1, 1958 in *Totoritus* v. *Stefan* (*supra*) discovery was allowed by a divided court as

to a statement made by plaintiff to defendant's investigator. In *Beyer* v. *Keller* (*supra*), decided November 29, 1960, discovery was ordered in respect of a statement by the infant plaintiff's mother to a representative of defendants' insurance carrier, the majority holding (p. 428): "To the extent that this holding conflicts with the holding in the *Urbina* case the latter is overruled." In the instant case the majority completely abandons any limitation upon discovery insofar as its purpose to discover evidence, primary or secondary, or reasonably calculated to lead to relevant evidence. In no aspect of this case will the report of the deceased doctor of the defendants qualify as evidence or lead to relevant evidence.

Special Term relying on *Curran* v. *Casella* (8 A D 2d 423) properly held inapplicable rule XII of the New York County Supreme Court Trial Term Rules for exchange of medical information. Moreover, the rule provides the sole remedy: "8. * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any physicians whose medical reports have not been served as provided by this rule."

However, Special Term granted the relief on the authority of *Totoritus* v. *Stefan* (*supra*) which concerned a statement made by plaintiff, whereas here involved is a report of a deceased doctor, not a party to the litigation.

The majority in affirming relies on rule XII, which is inapplicable for the reasons stated by this court in *Curran* v. *Casella* (*supra*). In addition, more fundamental and compelling, is the well-settled principle that a court-made rule may not be inconsistent with any statute. (Judiciary Law, § 83; *Chase Watch Corp.* v. *Heins*, 284 N. Y. 129, 134; *Gair* v. *Peck*, 6 N Y 2d 97, 104.) It has been demonstrated that section 324 of the Civil Practice Act is limited to the discovery of evidence and rule XII as here applied is inconsistent with section 324.

BREITEL, VALENTE and EAGER, JJ., concur with BOTEIN, P. J.; McNALLY, J., dissents in opinion.

Order, entered on April 17, 1961, affirmed, with $20 costs and disbursements to the respondent.