THE EAGLE-PICHER LEAD COMPANY, Plaintiff, *v.* MANSFIELD PAINT Co., INC., Defendant.

JAMES B. SIPE & Co., Plaintiff, *v.* MANSFIELD PAINT Co., INC., Defendant.

Third Department, September 27, 1922.

Depositions — order directing examination of party before trial need not state issues upon which witness is to be examined — issues to be stated only where examination had upon notice without court order — courts should not restrict right to take testimony of party except as provided by Civil Practice Act or Rules of Civil Practice.

An order directing the examination of a party before trial need not state the issues upon which the witness is to be examined, as, under the Civil Practice Act and the Rules of Civil Practice, such issues are required to be stated only where the examination is had upon notice without an order of the court.

*It seems,* that the courts should not put restrictions upon the right to take the testimony of a party other than those provided by the Civil Practice Act or the Rules of Civil Practice.

MOTION in each of the above-entitled actions by the defendant, Mansfield Paint Co., Inc., in the alternative, (1) for the reargument of an appeal by the said defendant from an order of the Supreme Court, made at the Broome Special Term  and entered in the office of the clerk of the county of Broome on the 4th day of January, 1922, denying defendant's motion to vacate and set aside the examination of the defendant before trial; or (2) for leave to appeal to the Court of Appeals; or (3) to modify the orders entered in this court May 22, 1922, in each of the above-entitled actions by striking out the orders directing the examination of the defendant. (See *Eagle-Picher Lead. Co.* v. *Mansfield Paint Co., Inc.,* 201 App. Div. 223; *Sipe & Co.* v. *Mansfield Paint Co., Inc.,* 202 id. 771.)

*Merchant, Waite & Waite,* for the plaintiff.

*Moe Goldstein,* for the defendant.

VAN KIRK, J.:

The motion is grounded upon that provision of the order which directs that the secretary of defendant " submit to examination and testify concerning the matters alleged in the amended complaint herein and any orders or correspondence in reference thereto," it being claimed that this order does not state " the issues upon which the witness is to be examined." The defendant cites cases decided both under the Code of Civil Procedure and under the Civil Practice Act, which seem to sustain the proposition that an order for examination upon the issues framed by the pleadings, or concerning the matters alleged in the complaint, is not a sufficient stating of the issues upon which the witness is to be examined. The defendant relies upon section 290 of the Civil Practice Act. This is a provision which states that which must be contained in the notice of taking testimony where no order for taking the testimony is had from the court. The section provides: "A party to an action desiring to obtain testimony therein by deposition shall give reasonable notice to his adversary, or if his adversary has appeared by attorney, to such attorney, stating in writing

" 1. The person before whom the testimony is to be taken;

" 2. The time and place at which it is to be taken;

" 3. The name or names of the person or persons to be examined;

" 4. The issues upon which such person or persons are to be examined."

Section 291 of the Civil Practice Act provides: " Any question as to the right to take the testimony, or as to the time or place, or as to the matters or issues as to which the testimony is to be taken, or as to the persons before whom it is to be taken, may be raised by a motion to vacate or modify the notice.   *   *   * The motion shall be heard upon the notice of the taking of testimony, the pleadings, if any, and upon such affidavits in support of such notice, and in answer thereto, as the parties may submit. If the taking of the testimony be not authorized by the provisions of this article the court shall vacate the notice." These are the only provisions in the sections of the Civil Practice Act which require that the issues upon which the witness is to be examined shall be stated and apply only to those cases in which it is sought to take testimony upon notice without an order of the court. The right to take the testimony of a party to an action by deposition during the pendency of an action and before trial is given in section 288 of the Civil Practice Act, as follows: " Any party to

an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party, which is material and necessary in the prosecution or defense of the action.  *  *  * " This provision is given in broad language and there is no limitation upon the right to take it, excepting that the testimony must be material and necessary in the prosecution or defense of the action.  Section 294 of the Civil Practice Act contains the general provisions relating to orders, as follows:  " An order for the taking of testimony by deposition, under any provision of this article, or an order denying a motion to vacate a notice given pursuant to section two hundred and ninety, may prescribe terms and conditions, not inconsistent with this article. If the testimony is to be taken wholly or partly upon oral examination, the order shall provide for notice thereof to the parties, or prospective parties, of the time and place and, in the discretion of the court, the order may fix such time and place.  If the order relate to the taking of testimony without the State, it either may direct the issuance of a commission or that the testimony be taken before an authorized officer or person."  We find no other provision in the Civil Practice Act requiring what must be stated in the order; nor is there anything in the Rules of Civil Practice which modifies this position.  In rule 122 it is provided, if a party " shall apply for an order to take testimony by deposition under any provision of article twenty-nine of the Civil Practice Act, he must present proof by affidavit that statutory grounds exist for taking the same; that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action."  The statutory ground for taking the deposition is contained in article 29 of the Civil Practice Act (§§ 288 and 289). Rule 124 covers cases where notice to take testimony has been served, no order having been applied for, and a motion to vacate, modify or limit the notice; and provides:  " If the court or judge who hears the motion shall deem that the testimony sought to be taken is not material or necessary for the party who served the notice, or for any reason that the interests of justice would not be subserved by such examination, an order may be made vacating and setting aside the notice to take the testimony or limiting the scope of the examination."  We do not think that rule 124 has any application to this motion, except that it suggests the grounds on which it shall be determined whether or not an examination should be had.

The right to take the testimony of a party under section 288 is broad and unrestricted.  We find no provision anywhere requiring that the court, in making its order, shall define specifically the issues upon which the witness is to be examined.  There is only

the provision that the order "·may prescribe terms and conditions, not inconsistent with this article," under which the testimony shall be taken. We think the court should not put restrictions upon the right to take the testimony of a party which are not provided by the Civil Practice Act or the Rules of Civil Practice. This act is to be liberally construed. (See Civ. Prac. Act, § 2.) One of its purposes is to avoid the technical objections which were taken and sustained under the Code of Civil Procedure, and which have hedged in and embarassed parties desiring to examine a party before trial. The one restriction in the Civil Practice Act is that the testimony must be material and necessary in the prosecution or defense of the action. The pleadings are for the specific purpose of defining the issues between the parties and of showing to the court what evidence is material and necessary in the prosecution or defense of the action. If the deposition of a party is to be taken upon notice without application to the court, the issues must be stated. When application is made to the court it is not necessary that the issues be stated, because the matter is then presented for the determination of the court and it determines whether or not the testimony of the party is material and necessary, and it may put such restrictions upon the taking of testimony as justice requires. If the rule be adopted that, whenever an order is made, the court must, apart from the pleadings, specify each issue upon which the party may be examined, the examination will be attended with constant objections as to whether or not the inquiries being made of the party are within the issue as defined by the order. We know no reason why a party should not be called upon to disclose to his adversary the information he has concerning the case between them. The court has no interest in assisting the party to conceal the grounds of his prosecution or his defense, in the hope that surprise at the trial may give him advantage. Each party may examine his adversary; neither party is given an advantage under the Civil Practice Act. The record here shows that the testimony sought to be taken is material and necessary in the prosecution of this action, and that the interests of justice would be served by having the examination. We think, therefore, there is no ground for a reargument of the motion.

We do not find any conflict between this decision and the decisions of the Appellate Division in another department of the· State. (*Bamberger* v. *Cooke*, 181 App. Div. 805; *Smith-Eisemann Corp.* v. *Eisenbach*, 188 N. Y. Supp. 479; *Newman* v. *Potter*, 201 App. Div. 335.) The motion to go to the Court of Appeals should be denied.

This court having affirmed the order of the Special Term which directed an examination, it·is not necessary to send the parties

to the Trial Term for another order. The motion for modification of the judgment should be denied.

All concur; except COCHRANE, P. J., not voting.

In the first case: Motions denied, with ten dollars costs.
In the second case: Motions denied, without costs.