the appellant cannot be said to be an adverse party. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

KATHLEEN MACKRELL, an Infant, by WILLIAM T. MACKRELL, Her Guardian ad Litem, Respondent, v. TILYOU REALTY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

ARTHUR D. MANNING, Respondent, v. THE POUGHKEEPSIE AND HIGHLAND FERRY COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ.

MARKEL, TUCKER, COOK COMPANY, INC., Respondent, v. IDA LEVY and Others, Appellants, Impleaded with Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ.

CECELIA A. MARKHEIM, Appellant, v. MARYLAND MOTOR CAR INSURANCE COMPANY, Respondent.— Order setting aside verdict and directing dismissal of the complaint, and the judgment of dismissal entered thereon, unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ.

PANAMANIAN SHIP CORPORATION, Respondent, v. JOHN R. GORDON and Another, Appellants.— Orders denying motions to vacate examinations of defendants before trial modified by providing that such examinations proceed before the justice assigned to hold Special Term, Part II, of the Supreme Court, New York county, on a day to be fixed in the order, and as so modified the orders are affirmed, with ten dollars costs and disbursements. We think the plaintiff presents a clear case for examination of defendants before trial under Civil Practice Act, section 288. (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.*, 203 App. Div. 9; *Sands* v. *Comerford*, 211 id. 406; *Oshinsky* v. *Gumberg*, 188 id. 23; *Buehler* v. *Bush*, 200 id. 206.) Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ., concur. Settle order on notice.

MOLLIE PERGAMENT, Appellant, v. LEO ESBINSKY, Trading as THE WEST END PURE MINERAL WATER COMPANY, Respondent.— The complaint states a cause of action upon a breach of an implied warranty (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70-73), and the matters upon which the examination of the defendant is sought are material and necessary to aid in establishing plaintiff's cause of action. The order is, therefore, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE CASERTA and Another, Appellants.— Judgment of conviction of the County Court of Queens county affirmed. No opinion. Rich, Jaycox and Manning, JJ., concur; Kelly, P. J., and Young, J., dissent on the ground that the evidence is not sufficient to justify a conviction of the defendants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH HERSH, Appellant.— Judgment of conviction of the County Court of Queens county affirmed. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

SOL ROSENBERG, Respondent, v. TILLIE ZANG, Appellant, Impleaded with Others, Defendants.— Order denying defendant's motion for judgment on the