SAMUEL EHRLICH, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— In an action to recover damages for personal injuries sustained by the plaintiff, a passenger, by reason of, the alleged negligence of the defendant carrier when its train collided with a passing train or with some protrusion therefrom, order granting examination of the defendant before trial and discovery and inspection of documents modified by striking therefrom item No. 2 in the direction to produce, and as thus modified affirmed, so far as appealed from, without costs; the examination to proceed on five days' notice. In view of the denial by the defendant that the accident occurred, items 4 and 5 in the direction for examination and item 1 in the direction to produce are material and necessary. The provision struck from the order relates to records and reports which are not evidence and cannot be made the subject of discovery and inspection. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29, approving *Falco* v. *N. Y., N. H. & H. R. R. Co.*, 161 App. Div. 735, 737.) Lazansky, P. J., Davis, Johnston and Taylor, JJ., concur; Hagarty, J., not voting.

FLUSHING NATIONAL BANK IN NEW YORK, Appellant, v. STEPHEN THORPE, EMMA L. THORPE, STEPHEN THORPE, INC., Respondents, and Others, Defendants.— In an action to foreclose a mortgage, order denying plaintiff's motion for summary judgment and granting defendants' motion to dismiss the complaint modified by striking therefrom the provision granting defendants' motion and inserting in lieu thereof a provision denying the same, and as so modified unanimously affirmed, without costs. Judgment dismissing the complaint vacated, without costs. In our opinion, the failure of the parties to present material proof precludes summary determination of the issues involved. There is not incorporated in the record before us the mortgage which is sought to be foreclosed, the bonds and mortgages which were consolidated according to agreement or the agreement which is alleged to have been made, nor is there any proof as to whether the agreement was oral or written. In the absence of such proof, the efficacy of the agreement that the mortgages deposited thereunder should serve as collateral for future advances, as expressed by the notes, cannot be determined. Present — Hagarty, Johnston, Adel and Taylor, JJ.; Lazansky, P. J., not voting.