THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN KELLY, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of bookmaking, in violation of section 986 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

MARY A. RALEIGH, WALTER M. RALEIGH, and EDWARD F. COOKE, as Administrator with the Will Annexed, etc., of MARY C. COOKE, Deceased, Respondents, v. THE CITY OF NEW YORK, Appellant.— The action by plaintiff Mary A. Raleigh is to recover damages for personal injuries sustained by her, and by her husband for loss of services and expenses, and by Edward F. Cooke, as administrator, for damages for wrongful death of his intestate. Plaintiffs moved for an order directing the defendant, by one Fusco, its motorman, to be examined before trial. The court granted the motion. Defendant consents to the examination but appeals from so much of the order as directs it to produce upon the examination for use thereon pursuant to section 296 of the Civil Practice Act, "All writings, records, reports and memoranda made by the said Fusco, badge No. 5201, relating to and connected with the items and matters " set forth in the notice of motion ' and " which were made prior to the service of the plaintiffs' Notice of Intention to Sue herein." Order granting examination before trial modified on the law by striking out the last ordering paragraph and inserting in lieu thereof a provision that the defendant produce upon the examination the writings, records, reports and memoranda made by said Fusco, badge No. 5201, relating to and connected with the items and matters hereinabove set forth, which were made prior to the service of the plaintiffs' notice of intention to sue, and which writings, etc., are to be used to refresh the recollection of the witness upon the examination. As so modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellant, the examination to proceed on five days' notice. The writings, etc., are not evidence and cannot be made the subject of discovery and inspection. (Ehrlich v. New York Central R. R. Co., 251 App. Div. 721, and cases cited.) In view of the foregoing decision, the appeal from the order denying appellant's motion to resettle the order granting examination before trial is dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.