George A. Bloodgood, Appellant, *v.* Mary E. Lynch et al., Respondents.

Argued June 13, 1944; decided July 19, 1944.

*Morris Simon* and *Lyman da F. Brandon* for appellant. I. The trial court committed reversible error in failing to permit plaintiff to establish admissions made to a member of the State Police by the defendant driver of the car. (*People* v. *Defore,* 242 N. Y. 13; *Adams* v. *New York,* 192 U. S. 585; *People* v. *Richter,* 265 App. Div. 767; *People* v. *Chiagles,* 237 N. Y. 193; *People* v. *Kuhn,* 172 Misc. 1097; *Matter of Davis,* 252 App. Div. 591; *Oneida, Ltd.,* v. *National Silver Co.,* 25 N. Y. S. 2d 271; *People* v. *Strauss,* 174 Misc. 881; *People* v. *Belsky,* 177 Misc. 125; *People* v. *Nowacki,* 40 N. Y. S. 2d 131; *Bearor* v. *Kapple,* 24 N. Y. S. 2d 655; *Hernandez* v. *Brookdale Mills,* 201 App. Div. 325; *Lyman* v. *Fidelity & Casualty Co.,* 65 App. Div. 27.) II. The trial court again committed reversible error in failing to direct the production of a photograph of the respondents' automobile. (*Boynton* v. *Boynton,* 25 How. Pr. 490; *Bearor* v. *Kapple,* 24 N. Y. S. 2d 655; *Jones* v. *Reilly,* 174 N. Y. 97; *Stone* v. *Mansfield,* 27 Misc. 560; *Dunn* v. *New York Edison Co.,* 46 Misc. 602; *Shelp* v. *Morrison,* 13 Hun 110; *People* v. *Miller,* 257 N. Y. 54; *People* v. *Schainuck,* 286 N. Y. 161.) III. The Appellate Division seeks to justify the ruling of the court below in excluding the trooper's testimony, upon the ground that the objection was made in behalf of both defendants. Such is not the law of the State of New York. (*O'Reilly* v. *Adams,* 163 App. Div. 60, 218 N. Y. 723; *Keegan* v. *Third Ave. R. R. Co.,* 34 App. Div. 297, 165 N. Y. 622; *Fox* v. *Erbe,* 100 App. Div. 343; *Fox* v. *Jackson,* 8 Barb. 355; *Reed*

v. *Spear*, 107 App. Div. 144; *Cahill Iron Works* v. *Pemberton*, 48 App. Div. 468, 168 N. Y. 649; *Curtis* v. *North American Indian, Inc.*, 277 F. 909.)

*Daniel F. Prior* and *Merton D. Meeker* for respondents. I. The ruling of the trial court sustaining defendants' objection to a question as to conversation with one of the defendants was correct. (*People* v. *Defore*, 242 N. Y. 13; *People* v. *Adams*, 176 N. Y. 351; *Beste* v. *Burger*, 110 N. Y. 644.) II. There is no error in the refusal of the trial court to direct the production of a photograph in possession of counsel for the defendants. (*Neil* v. *Thorn et al.*, 88 N. Y. 270.)

CONWAY, J. This is a negligence action. Two automobiles came into collision on Delaware Avenue in Delmar, N. Y. The plaintiff was the operator of one automobile. The other was driven by the defendant Mary Ellen Lynch and in the car with her was its owner, the other defendant Henrietta Lynch. The plaintiff was driving westerly behind a school bus. The bus was stopped and the plaintiff brought his car to a stop about ten feet behind it. After the bus was put in motion again and had proceeded for some distance, the plaintiff made a left hand turn across the road and was struck by the Lynch car, which was going east. Which operator was at fault was of course a question of fact. The jury rendered a verdict of no cause of action.

Two claimed errors of law are presented. A State trooper was called by plaintiff's counsel to testify to a conversation with Mary Ellen Lynch at the hospital after the accident in the presence of her father while she was being attended by a doctor there. The following then occurred: " Q. Did you ask Miss Lynch questions in connection with the accident? A. I did. Q. Did you ask her how fast she was going? A. Yes, I did. Q. What did she say? Mr. Prior: I object to it as incompetent and in violation of the provisions of Section 270B of the Penal Law. The Court: *Have you the text of that section?* Mr. Prior: I have the text of the section. Mr. Simon: I would like to be heard on that, Judge. The Court: Oh, yes. *Just let me look at the section. The objection is sustained.* Mr. Simon: To which I take an exception. Do I understand that your Honor's *ruling is that you won't permit this witness to testify to any conversation that he had with Miss*

*Lynch?* The Court: *With reference to the occurrence of this accident.* Mr. Simon: As to what she said how the accident happened? The Court: Yes, *you are correct about your understanding.* Mr. Simon: To all of which I take an exception. The Court: Yes."

Section 270-b of the Penal Law is one of several sections designed to prevent solicitation of professional work on behalf of attorneys. It provides: " § 270-b. ENTERING HOSPITAL TO NEGOTIATE SETTLEMENT OR OBTAIN RELEASE OR STATEMENT. It shall be unlawful for any person to enter a hospital for the purpose of negotiating a settlement or obtaining a general release or statement, written or oral, from any person confined in said hospital or sanitarium as a patient, with reference to any personal injuries for which said person is confined in said hospital or sanitarium within fifteen days after the injuries were sustained, unless at least five days prior to the obtaining or procuring of such general release or statement such injured party has signified in writing his willingness that such general release or statement be given. This section shall not apply to a person entering a hospital for the purpose of visiting a person therein confined, as his attorney or on behalf of his attorney." Violation of the section is a misdemeanor (§ 272).

The section does not apply to a police officer performing his duty. The purpose of the police inquiry is to ascertain facts which may indicate the commission of a crime. The purpose of section 270-b is to prevent the negotiating of settlements or the obtaining of general releases or statements with reference to personal injuries sustained by a patient in connection with a personal injury action or claim until a decent interval has elapsed.

Even were the statement illegally obtained it would not be incompetent or inadmissible in evidence. (*People* v. *Defore,* 242 N. Y. 13; *People* v. *Richter's Jewelers, Inc.,* 265 App. Div. 767, affd. 291 N. Y. 161; *Matter of Davis,* 252 App. Div. 591, 598 [a disbarment proceeding]; *Hernandez* v. *Brookdale Mills, Inc.,* 201 App. Div. 325 [a contract action].)

It is now urged, however, that the testimony was inadmissible as against the defendant Henrietta Lynch, who was not present at the hospital at the time the State trooper was there. The claim

now is that the objection to the testimony " as incompetent and in violation of the provisions of Section 270B of the Penal Law " included an objection to the testimony upon the ground that it was inadmissible against one of the defendants. The leading case on this question is *Tooley* v. *Bacon* (70 N. Y. 34), where the rule is stated as follows at page 37: " When evidence is *excluded* upon a mere general objection, the ruling will be upheld, if any ground in fact existed for the exclusion. It will be assumed, in the absence of any request by the opposing party or the court to make the objection definite, that it was understood, and that the ruling was placed upon the right ground. If in such a case a ground of objection be specified, the ruling must be sustained upon that ground unless the evidence excluded was in no aspect of the case competent, or could not be made so." (Emphasis, the court's.)

Therefore, if the objection in the instant case is a general one, the ruling sustaining it will be upheld on the ground that the evidence was inadmissible against the defendant Henrietta Lynch. However, if the objection is a specific one, the ruling cannot be upheld.

It seems to us that the objection here is not a general one. The word " incompetent " was used but a ground of incompetency was specified — violation of the provision of section 270-b of the Penal Law. *The subsequent colloquy shows that the court and counsel considered the admissibility of the evidence only as affected by section 270-b and not on any other ground.* The court clearly indicated by words and conduct that the objection was being sustained because the evidence had been obtained in violation of section 270-b. Nothing was said by court or counsel which would indicate that the testimony was being excluded because inadmissible as against Henrietta Lynch. If that had been done, plaintiff's counsel could have offered the evidence as against Mary Ellen Lynch only.

In *People* v. *Weinberger* (LEHMAN, J., 239 N. Y. 307), a transcript of a play was offered in evidence. It was excluded upon an objection for which no ground was stated but the context of which showed with reasonable clearness that it was understood to be based on the fact that the transcript was made after the indictment had been found. On appeal it was sought to sustain the ruling not on that ground but on the ground

that the recollection of the witness as to the words and action of the play should first have been exhausted. We said (p. 313): " We do not think that the defendants should have been required to request the opposing party to make the objection to the testimony more definite for the objection was not a mere general objection and the parties must have understood that it was based on the fact that the copy was made after the indictment. Under such circumstances the exclusion constitutes error even if the evidence was not at the time competent, since it could be made so."

That language is applicable to the instant case. The objection here was not a " mere general objection " but was understood to have referred to section 270-b of the Penal Law. The exclusion, therefore, constitutes error, since the evidence was competent and admissible against one defendant.

Where a specific objection is made on one ground, other possible grounds cannot be considered on appeal. (*Adams* v. *Saratoga and Washington Railroad Company,* 10 N. Y. 328.) In that case this court said (p. 334): " When the offer was made ' the defendants' counsel objected on the ground that the record was conclusive evidence of the facts stated therein; ' and the court sustained the objection and excluded the evidence. We think that we are not at liberty to regard the objections as sustained on a different ground from that taken by the counsel." (See to the same effect *Ward* v. *Kilpatrick,* 85 N. Y. 413; *Lessler* v. *De Loynes,* 150 App. Div. 868, 872; *Briggs* v. *Wheeler,* 16 Hun 583; 4 Carmody, New York Practice, pp. 3061, 3064.

Respondents rely upon *Beste* v. *Burger* (110 N. Y. 644). There it was held that where an objection was made that the evidence offered was incompetent, it was not error to sustain the objection even though the evidence was competent as against some of the defendants. We do not think that case is applicable, since the objection here was not a general one as to incompetency of the evidence but specifically related to section 270-b of the Penal Law. Counsel for plaintiff was thus not apprised that the objection might relate to the competency of the evidence as against Henrietta Lynch. In the *Beste* case, if counsel did not understand the objection, he could have requested the reason for it. In the instant case the reason was apparently given by

defendants' counsel and plaintiff's counsel could not be fairly required to ask any further reason for the objection. He did give the court his understanding of the ruling and the court said that that understanding was correct.

The second claimed error is that the Trial Judge erred in refusing to direct counsel for the defendants to produce a photograph of the Lynch car concededly in his possession. Since there must be a new trial in any event, it is not necessary to pass upon this claimed error which arose in large part by reason of colloquy of counsel and the manner in which the request was presented to the court. It is not clear on this record whether the photograph in question was made in preparation for the trial under the direction of the defendants or their counsel. The general rule is that the court has the power to direct the production of documents which are within the court room so long as the client could have been compelled to produce them by service of a subpœna *duces tecum.* (*Jones* v. *Reilly,* 174 N. Y. 97; *Matter of Cunnion,* 201 N. Y. 123, 131.) Neither the client nor the counsel may be compelled, however, to produce a document which has the status of a privileged communication between attorney and client when the privilege is claimed by the client. (*Genet* v. *Ketchum,* 62 N. Y. 626; 8 Wigmore on Evidence, § 2307; Civ. Prac. Act, § 353; *Southwark Water Co.* v. *Quick,* L. R. 3 Q. B. D. 315; *Wooley* v. *North London Railway Co.,* L. R. 4 C. P. 602; *Friend* v. *London, Chatham & Dover Ry. Co.,* L. R. 2 Exch. D. 437, 36 L. T. 729; *Lyell* v. *Kennedy,* L. R. 27 Ch. D. 1.) In any event the burden is on the one claiming the privilege to show the existence of circumstances justifying its recognition. (*Griffiths* v. *Met. St. Ry. Co.,* 171 N. Y. 106; *People* v. *Austin,* 199 N. Y. 446; *Robertson* v. *Commonwealth,* 181 Va. 520.) We call attention to this so that there may be a fuller development of facts upon the new trial.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.