PRISCILLA M. HOWE, Plaintiff, *v.* H. LEON MCBRIDE et al., Doing Business under the Name of " H. L. and F. MCBRIDE ", Defendants.

PRISCILLA M. HOWE, as Executrix of ROBERT H. HOWE, Deceased, Plaintiff, *v.* H. LEON MCBRIDE et al., Doing Business under the Name of " H. L. and F. MCBRIDE ", Defendants.

RICHARD B. HOWE, an Infant, by PRISCILLA M. HOWE, His Guardian ad Litem, Plaintiff, *v.* H. LEON MCBRIDE et al., Doing Business under the Name of " H. L. and F. MCBRIDE ", Defendants.

Supreme Court, Special Term, Onondaga County, June 4, 1948.

*Willard R. Pratt* for plaintiffs.

*Gustav Blaustein* for defendants.

MALPASS, J. The plaintiffs in the above actions have made this motion for an order permitting an inspection of the tractor and trailer of the defendants, which was involved in a collision with an automobile in which Priscilla M. Howe, Richard B. Howe and Robert H. Howe were riding. The plaintiffs further seek to inspect and be furnished with a copy of photographs taken immediately following the accident by a photographer employed by the defendants.

According to the affidavit filed by the plaintiffs' attorney all three of the occupants of the Howe automobile were seriously

injured and were taken from the scene of the accident in an ambulance. Robert H. Howe, the driver of the Howe automobile died in the hospital three days after the accident and Priscilla and Richard Howe were confined to the hospital for some time after the accident. It is claimed by the plaintiffs and is not disputed by the defendants that photographs were taken of the vehicles involved in the action at the request of a representative of the defendants immediately after the happening of the accident and before the vehicles were moved and that the negatives of such photographs are in the possession of a photographic studio in Herkimer, New York, subject to the orders of the defendants.

Since the oral argument on this motion the plaintiffs have, with the consent of the defendants, inspected the tractor and trailer of the defendants, so that there remains for decision only the question as to whether or not the plaintiffs are entitled to an inspection and copy of the photographs taken of the scene of the accident immediately after the happening thereof.

Section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice provide that the court may order the production, discovery and inspection of any article or property in the exclusive possession of or under the control of an adverse party relating to the merits of the action or of the defense therein. This confers broad powers upon the court to order an inspection but my attention has not been directed to any case where an order has been made such as is sought herein. In *Miller* v. *New England Mut. Life Ins. Co.* (14 N. Y. S. 2d 129) inspection of X-ray photographs of the plaintiff was allowed. It would seem that discovery and inspections should not be permitted merely for the purpose of inquiring into the memoranda and notes of counsel for a party relating to the prosecution or defense of an action. (*People ex rel. Lemon* v. *Supreme Court,* 245 N. Y. 24, 29.) The defendants urge that these photographs are in the nature of notes and memoranda and are not necessarily evidence. The defendants assert that the photographs '' may or may not be used by the defendants,'' and that '' the defendants are not required to use them nor should the plaintiffs be afforded an opportunity to avail themselves of defendants' photographs when they can make their own.''

In the instant case, however, it appears that these three plaintiffs were seriously injured at the time of the accident; that they were carried from the scene of the accident in an ambulance to a hospital where one of them died three days later. The

photographs were taken at the scene of the accident immediately after the happening thereof and before the vehicles involved in the accident were moved and presumably when the plaintiffs were unable, because of their serious injuries, to secure photographs showing the conditions immediately following the accident. The opportunity to secure such photographs will never again exist. These photographs constitute what well may be very material evidence as to the responsibility for the happening of the accident and certainly relate to the merits of the action. The photographs, if favorable to the contention of the plaintiffs, might be suppressed or not used by the defendants upon the trial and thus the plaintiffs would be deprived of material evidence in support of their contentions and injustice might well result. On the other hand, if these photographs present evidence which is favorable to the defendants, the latter cannot be injured by permitting an examination of the same by the plaintiffs prior to the trial of the action.

The purpose of the statute and the rules relating to inspection and discovery is to aid in the ascertainment of truth and the advancement of justice. (*Murphy* v. *Keenan,* 101 Misc. 443, 446, affd. 183 App. Div. 923.) Whether or not an order of inspection and discovery shall be granted depends largely upon the circumstances of the particular case and rests in the discretion of the court. Rule 141 provides: "* * * *the Court shall make such an order with respect to the discovery or inspection prayed for as justice requires.*" (Italics supplied.) In my opinion it is in the interests of justice to require the defendants to permit an inspection and discovery of the photographs taken immediately after the happening of the accident involved herein.

An order in accordance with the foregoing may be entered herein, with costs of $10 to the plaintiffs to abide the event.