ant. This order of the court is entitled to the same full faith and credit under the Constitution as any other judicial action affecting substantive rights. The discharge provision of section 133 (which applies when the money is paid into court pursuant to section 51-a) is substantive and not remedial. A similar discharge provision was held by the United States Supreme Court in *Zimmerman* v. *Sutherland* (274 U. S. 253) to be entitled to universal recognition.

Even if, for the sake of argument, it were to be assumed that there are a few jurisdictions in which Mrs. Tennent might still sue Bankers to recover the $117,000, that would not constitute such a hazard of double liability as would be recognized by the New York courts. Section 51-a expressly provides that the undertaking may be discharged, or the money paid into court remitted, only if the adverse claimant intervenes or institutes another action in New York. The institution of an action by Mrs. Tennent in Brazil, for instance, even within the statutory period, would not entitle Bankers to a remission of the sum deposited in court. It follows that our courts would ignore a suit by the adverse claimant in another jurisdiction *after* the bar of section 51-a has become operative.

Any hazard which exists is due to Bankers' deliberate conduct. Both before and after this action was started, plaintiff offered Bankers a surety bond, pursuant to subdivision 5 of section 134 of the Banking Law, against later having to pay the $117,000 to Mrs. Tennent, as well as against any costs and expenses in connection therewith. Bankers chose to decline the surety bond and to invoke the protection of section 51-a instead. Bankers having voluntarily elected to invoke section 51-a, instead of defending on the merits or accepting a surety bond, should not be permitted to ignore that election and the delay, and to attempt now to defend on the merits, thereby furher delaying plaintiff's recovery. To sustain the position of Bankers would under the circumstances here presented, amount to a holding that section 51-a of the Civil Practice Act is meaningless and that voluntary resort to it by a debtor accomplished nothing unless the foreign claimant appears in the action. Accordingly I vote that the order appealed from should be reversed and the motion of the plaintiff granted.

Glennon, J. P., Dore and Cohn, JJ., concur in decision; Shientag, J., dissents and votes to reverse and grant the motion, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. No opinion. [200 Misc. 383.] [See *post*, p. 733.]

GITTLIN BAG COMPANY, Respondent, v. ALBERT E. BRESKY et al., Appellants.

Present — Peck, P. J., Glennon, Dore, Cohn and Shientag, JJ.

AUDREY GRATSOS, Respondent, v. COMMERCIAL UNION ASSURANCE COMPANY, LTD., Appellant, et al., Defendants.—

Present — Peck, P. J., Glennon, Dore, Cohn and Shientag, JJ.

PETER J. HABERKORN, as a Creditor of and on Behalf of the Estate of RALPH A. FREUNDLICH, Deceased, Respondent, v. GUSSIE PHILLIPS, Appellant.— Present — Peck, P. J., Glennon, Dore, Cohn and Shientag, JJ.

JOHN F. KELLY, Respondent, v. NEW YORK CITY OMNIBUS CORPORATION, Appellant.— No opinion. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ.

SOLICITOR FOR THE AFFAIRS OF HIS MAJESTY'S TREASURY, Respondent, v. BANKERS TRUST COMPANY OF NEW YORK, Defendant. ROBERT W. MAITLAND-TENNENT, Appellant.— Present — Glennon, J. P., Dore, Cohn and Shientag, JJ.; Shientag, J., dissents and votes to affirm. Settle order on notice. [199 Misc. 498.] [See *post*, p. 733.]

In the Matter of RAY SALES Co., INC., Respondent. CELKA STORE FIXTURE Co. INC., Appellant.—