BESSIE T. ROACH, Respondent, v. CITY OF ALBANY, Appellant.— Defendant appeals from an order of the Albany County Special Term of the Supreme Court permitting plaintiff's attorney to examine, at the office of the corporation counsel of the city of Albany, a photograph used and in evidence when plaintiff was examined by the Albany City comptroller. Appellant argues that no facts or special circumstances were shown to justify the exercise of judicial discretion and compulsion and that the photograph is confidential as a part of the work

product of its attorneys. The city comptroller examined plaintiff, pursuant to Albany Local Law No. 2 of 1943, concerning her claim against the city because of injuries alleged to have been sustained in a fall on a city sidewalk. Plaintiff's compliance with the request for examination was a condition precedent to bringing this action. She appeared with her attorney and, when interrogated, was shown this photograph on which, at the request of the assistant corporation counsel, she placed a cross to mark the spot of the alleged fall. Her attorney's later request to examine the photograph was refused by the corporation counsel's office. The work of an attorney in preparation for trial of an action may be immune from discovery. (*Brooklyn Bridge Freezing & Cold Storage Co.* v. *Vermuhlen*, 273 App. Div. 956; *Tavern Fruit Juice Co.* v. *Long Island R. R. Co.*, 279 App. Div. 985; *Gratsos* v. *Commercial Union Assur. Co.*, 279 App. Div. 570.) Not all that finds its way into a lawyer's files, however, enjoys such immunity. " Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." (*Hickman* v. *Taylor*, 329 U. S. 495, 511.) The character of this photograph as privileged or confidential was lost when the defendant, by its attorney, produced it, questioned plaintiff about it and made it a part of the city's record of the examination proceeding. The photograph itself is relevant and could be brought to court by subpœna duces tecum. (*Bloodgood* v. *Lynch*, 293 N. Y. 308, 314.) In *Eagle-Picher Lead Co.* v. *Mansfield Paint Co.* (203 App. Div. 9, 12) this court said, " The court has no interest in assisting the party to conceal the grounds of his prosecution or his defense, in the hope that surprise at the trial may give him advantage." This philosophy has here found later expression as to examinations of parties before trial. (*Brand* v. *Butts*, 242 App. Div. 149; *Breault* v. *Embossing Co.*, 253 App. Div. 175.) While we do not pass upon the right of public authorities to conduct confidential examinations, the circumstances of the use of the photograph on the examination of plaintiff, where she was attended by counsel and the latter's ability to obtain, without objection on the part of the city, the stenographic minutes of the inquiry indicate that the court's order was a proper exercise of discretion. Order unanimously affirmed, with $10 motion costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.