Gr. Robert Wither, J.
The plaintiff is entitled to examine the photographs taken by Clifford Bunnell of the crossing and Diesel engine after the accident and purchased by the defendant (Howe v. McBride, 193 Misc. 271; Fink v. Thompson, 70 N. Y. S. 2d 226; 5 Carmody-Wait, New York Practice, p. 660, § 13), in the absence of any showing of privilege. (Bloodgood v. Lynch, 293 N. Y. 308, 314.) Because of the nature of this accident, it may well be that some of the pictures will not be admissible into evidence, on the grounds that they are prejudicial, immaterial and inflammatory. If plaintiff should seek to introduce such a picture into evidence, the Trial Justice will rule thereon.
The plaintiff is also entitled to inspect Diesel engine No. 4041, subject, however, to the privilege hereby granted to the defendant, for its convenience, of permitting plaintiff to inspect a different Diesel engine of identical design.
The motion to discover and inspect the oral and written statements made by defendant’s employees “ in the normal and ordinary course of its business pertaining to the said accident ’ ’ presents more difficulty. Clearly, statements obtained by defendant in preparation to defend against this claim may not be inspected by plaintiff. (White v. Sibley, Lindsay & Curr Co., 283 App. Div. 1007.) Nor may the statements of defendant’s employees be inspected insofar as they may reveal names of witnesses. (White v. Sibley, Lindsay & Curr Co., supra.) Moreover, statements of the character which plaintiff seeks to inspect are not made in the regular course of business within the meaning of statutes such as section 374-a of the Civil Practice Act, and would not be admissible on the basis that they are entries made in the regular course of business. (Palmer v. Hoffman, 318 U. S. 109.)
It is, however, -within the appropriate field of pretrial preparation for the plaintiff to be permitted to discover and inspect *496 defendant’s records of statements made by its employees in the regular course of their employment, pertaining to said accident. Such statements are not privileged communications. (Caswell v. United Air Lines, 191 Misc. 941; Gelderman v. Munson S. S. Lines, 232 App. Div. 776; Robertson v. Commonwealth of Virginia, 181 Va. 520; Virginia-Carolina Chem. Co. v. Knight, 106 Va. 674; Hurley v. Connecticut Co., 118 Conn. 276; 8 Wigmore, Evidence, §§ 2192-2194, 2219, 2285, 2290-2291, 2307, 2317-2319; Pekelis v. Transcontinental & Western Air, 187 F. 2d 122; Robertson v. Commonwealth of Virginia, supra ; 27 C. J. S., Discovery, § 72.) The motion for such examination, therefore, is granted subject to appropriate limitations which shall be included in the order to be entered hereon, based upon any specific showing by defendant of privilege. (Bloodgood v. Lynch, 293 N. Y. 308, 314, supra.)
The motion to inspect a signal tower of defendant is denied. It is acknowledged that since the accident in which plaintiff’s intestate was killed, an underpass has been constructed at the point, and the signal tower removed. Plaintiff has not designated a particular tower which she wishes to inspect, and there is no basis for the court to determine favorably to the plaintiff the propriety of the proposed inspection.