CHARLES MUDGE, Respondent, *v.* THOMAS J. HUGHES CONSTRUCTION COMPANY, INC., et al., Respondents, and STECKLOW BROS., INC., Appellant, et al., Defendant.

First Department, March 22, 1962.

*Morris Zweibel* of counsel (*Irving Segal,* attorney), for appellant.

*Morton A. Schwab* of counsel (*Markhoff, Gottlieb & Harkins,* attorneys), for Charles Mudge, respondent.

*William F. McNulty* of counsel (*Hanner, Fitzmaurice & Onorato,* attorneys), for Thomas J. Hughes Construction Company, Inc., respondent.

EAGER, J. This is an appeal by a defendant from an order granting plaintiff and codefendants a discovery and inspection of certain photographs. The action was brought to recover for personal injuries sustained by plaintiff, a workman, in a fall from a scaffold erected at a building under construction. The action is grounded in negligence, it being alleged that the defendants were negligent in the failing to supply the plaintiff with a safe place to work; in failing to furnish proper scaffolding equipment and in the using of defective scaffolding; and in failing to provide proper guardrails, toeboards and screens on the scaffold.

It appears that certain photographs were taken very shortly after the accident at the instance of the appellant, and that these photographs show the scaffolding and construction conditions. We readily conclude that it was proper to direct a pre-trial discovery and inspection of them.

To further the pretrial disposal of litigation, to expedite and to promote fairness in the trial of actions and, generally, in the interests of justice, the present day policy leans toward complete pretrial disclosures by all parties of all available material evidence. In fact, it was long ago recognized " that before trial each party should heve unrestricted access to the sources of evidence " (Report of Commission on Administration of Justice in New York State, 1934, pp. 41–42). The provisions of the statute (Civ. Prac. Act, § 324) for pretrial discovery and inspection are to be liberally applied to advance " the desired objective of an open and fair trial " (*Beyer* v. *Keller,* 11 A D 2d 426, 428). " The purpose of the legislation was to promote the presentation of the facts in aid of justice, so that parties would not need to go blindly into a trial with no knowledge of what evidence might develop. Such methods of procedure facilitate a trial and aid in seeking the truth upon which justice should be based ". (*Reiss* v. *Kirkman & Son,* 242 App. Div. 77, 79; also *Petruk* v. *South Ferry Realty Co.,* 2 A D 2d 533.) In fact, it is expressly provided by rule that " the court shall make such an order with respect to the discovery and inspection as justice requires ". (Rules Civ. Prac., rule 141.)

Photographs, showing relevant conditions at the scene of an accident, are competent evidence upon the trial of an action arising out of the accident. Therefore, in view of the foregoing, and absent a showing of special circumstances indicating that the photographs should be treated as privileged or confidential work product, they should be produced prior to the trial for

discovery and inspection by interested parties. (See, further, Civ. Prac. Act, § 324; 5 Carmody-Wait, New York Practice, § 13, p. 660 and cases cited; see, also, *Roach* v. *City of Albany,* 282 App. Div. 807; *De Vito* v. *New York Cent. R. R. Co.,* 32 Misc 2d 494, affd. 3 A D 2d 692.) Here, there is no showing by the appellant of any circumstances tending to establish that these photographs should be privileged from inspection as confidential work product. For all that appears, the conditions as shown by the photographs are merely a true and fair representation of what anyone, visiting the scene of the accident, would see; and the probing into and disclosure of such conditions are the proper subject of pretrial discovery and examination. If, for any reason, there is an objection to the competency or relevancy of a particular photograph or photographs, a ruling thereon may be obtained at Special Term where they are to be produced.

Here, an injustice might well result from the withholding of the particular photographs from discovery and inspection. Assuming that they are the only ones available to show the conditions immediately following the accident, it would be within power of the appellant, if it is not directed to disclose the same, to withhold this very pertinent evidence from use upon the trial, or to reserve the same for limited use in the cross-examination or impeachment of witnesses; and, thus, the plaintiff or a codefendant might be deprived of evidence essential or material to his cause or defense. On the other hand, if the photographs show conditions supporting the position of the appellant in this action, appellant will hardly be prejudiced in its substantive rights by permitting a discovery and inspection of the same prior to the trial of the action. (See *Howe* v. *McBride,* 193 Misc. 271, 273.) " The court has no interest in assisting the party to conceal the grounds of his prosecution or his defense, in the hope that surprise on the trial may give him advantage ". (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co.,* 203 App. Div. 9, 12.)

Under the circumstances here, it is not necessary or proper that the discovery and inspection of these particular photographs be postponed until the parties have taken and completed their pretrial depositions. While it is generally held that a general discovery under section 324 of the Civil Practice Act should be withheld until it appears that such a discovery is necessary and that adequate evidential detail cannot be obtained on an examination before trial pursuant to section 296 (see *City Messenger Serv.* v. *Powers Photoengraving Co.,* 7 A D 2d 213; *Battaglia* v. *New York City Tr. Auth.,* 2 A D 2d 985),

such a rule is not to be invariably applied to limit the effect of the independent remedy of discovery and inspection as an established means for obtaining a particular item of clearly pertinent evidentiary data. Here, the plaintiff does not seek a general discovery and inspection but merely the discovery and inspection of certain photographs clearly shown to be material and relevant evidence. No valid reason exists for requiring the plaintiff to wait until after examining the defendant before trial before obtaining a discovery of said photographs; and, to require plaintiff to so wait, would tend to frustrate rather than facilitate the prompt and orderly disposal of pretrial proceedings.

It does not, however, satisfactorily appear from the moving papers that the plaintiff or his attorney did not sometime after the accident also take photographs showing conditions of the scaffolding, building or other details at the place of the accident. As a matter of fact, all plaintiff alleges is that he was unable to secure photographs immediately following the accident. Also it does not satisfactorily appear that the codefendants, or one or more of them, do not have post-accident photographs. Thus, to avoid a circuity of motions, and, in furtherance of our present-day policy, we think that as a condition of allowing the production and discovery of relevant photographs of the scene of an accident which is the subject of an action, the party seeking the same should also be compelled to disclose to his adversary all relevant photographs that he has.

Finally, it is noted that the codefendants did not cross-move for discovery and inspection of particular photographs. They were, however, made parties to this motion by the plaintiff, and, on appearing upon the motion, they did, by their respective affidavits, expressly request leave to inspect and make copies of such photographs as were produced by the appellant. Special Term considered the rights of the codefendants upon the merits, and granted to them the right to inspect and make copies of the photographs. Special Term was bound to make such order " as justice requires " (Rules Civ. Prac., rule 141), and, having jurisdiction of the subject matter and of the parties, it had the power, in defining the limits and conditions of the discovery and inspection, to grant the relief requested by the codefendants without the necessity of requiring them to make a formal cross motion.

The order herein, entered October 16, 1961, should be modified on the law and on the facts and in the exercise of discretion to provide that, as a condition of the production by appellant and discovery by the plaintiff of the photographs as provided

in the order, the plaintiff shall at the time and place fixed for such production and discovery produce and allow discovery by the appellant of any and all photographs that the plaintiff or his attorney may have taken of the scaffolding, building conditions or place of the accident, or, in lieu thereof, plaintiff shall then deliver to the Clerk of the court a statement verified by him or his attorney that no such photographs were taken; to further provide that, as a condition of allowing the discovery of the said photographs, as provided in said order, by a codefendant herein, it shall produce and allow discovery and inspection by all parties of any and all photographs taken by it of the scaffolding, building conditions or place of the accident, following the occurrence of the accident, or in lieu thereof, the codefendant shall then deliver to the Clerk of the court a statement verified by itself or its attorney that no such photographs were taken at the instance of such codefendant or its attorney; and to further provide that such discovery and inspection shall take place at Special Term, Part II, at a day and time to be fixed on written notice to be served by plaintiff on all parties; and the order as so modified should be affirmed, with $20 costs and disbursements to the plaintiff-respondent as against the appellant but without costs to defendants-respondents.

RABIN, J. P., VALENTE, STEVENS and BERGAN, JJ., concur.

Order, entered on October 16, 1961, unanimously modified, on the law and on the facts and in the exercise of discretion to provide that, as a condition of the production by appellant and discovery by the plaintiff of the photographs as provided in the order, the plaintiff shall at the time and place fixed for such production and discovery produce and allow discovery by the appellant of any and all photographs that the plaintiff or his attorney may have taken of the scaffolding, building conditions or place of the accident, or, in lieu thereof, plaintiff shall then deliver to the Clerk of the court a statement verified by him or his attorney that no such photographs were taken; to further provide that, as a condition of allowing the discovery of the said photographs, as provided in said order, by a codefendant herein, it shall produce and allow discovery and inspection by all parties of any and all photographs taken by it of the scaffolding, building conditions or place of the accident, following the occurrence of the accident, or in lieu thereof, the codefendant shall then deliver to the Clerk of the court a statement verified by itself or its attorney that no such photographs were. taken at the instance of such codefendant or its attorney; and to further provide that such discovery and inspection shall take place at

Special Term, Part II, at a day and time to be fixed on written notice to be served by plaintiff on all parties; and the order as so modified is affirmed, with $20 costs and disbursments to the plaintiff-respondent as against the appellant but without costs to defendants-respondents. Settle order on notice.