JOHN CARNEY, Plaintiff, *v.* NEW YORK CITY TRANSIT AUTHORITY, Defendant.

Supreme Court, Special Term, Queens County, May 16, 1962.

*Friedland & Masone* for plaintiff. *Daniel T. Scannell* for defendant.

CHARLES MARGETT, J. In an action to recover damages for personal injuries, the plaintiff moves to examine the defendant by one of its employees, Ernald Sharpe, and for the production at said examination, pursuant to section 296 of the Civil Practice Act, of (1) repair bills, repair records, maintenance records

and inspection reports regarding the defendant's bus involved in the alleged accident which bottoms the cause of action herein for the period beginning one year prior to said accident; (2) medical reports regarding the physical condition and eye examination reports of the defendant's employee, Ernald Sharpe, covering the period within a reasonable time before and after said accident; (3) statements made by Ernald Sharpe, whether signed or unsigned, regarding said accident; (4) photographs and any accident reports made by or on behalf of Ernald Sharpe and (5) any other relevant books or papers.

The defendant does not object to being examined before trial by its employee, Ernald Sharpe, but requests that the production of books and records be limited. It objects to the production of repair bills, repair records, maintenance records and inspection reports regarding the defendant's bus involved in the alleged accident for one year prior to the occurrence on the ground that said production is too broad and unnecessary. However, the defendant has no objection to producing the last inspection report of the bus prior to the alleged accident. The defendant also objects to the production of any medical reports regarding the physical condition or eye examination reports of Ernald Sharpe on the ground that said reports are unnecessary and immaterial and not relevant to the issues, since there are no allegations in the complaint as to the defendant's negligence in improperly retaining said employee. Finally, the defendant objects to the production of any statements made by Ernald Sharpe, whether signed or unsigned, regarding said accident and to any accident reports made by or on behalf of said employee and to the production of photographs, if any, on the ground that the same are the " work product " of the defendant.

The motion is granted as follows:

The defendant is to be examined by its employee Ernald Sharpe at the Special Term Clerk's office on the fifth floor at a date and time to be fixed in the order to be entered hereon. The defendant will produce at said examination all relevant books and records, including the last inspection record of the bus prior to the alleged accident herein. The defendant need not produce repair bills, repair records, etc., regarding its bus for one year prior to the alleged accident, nor need the defendant produce any medical records or eye examination reports regarding Ernald Sharpe since they are neither relevant nor material to the allegations of negligence charged in the complaint.

78

Furthermore, the defendant need not produce any statements made by Ernald Sharpe, whether signed or unsigned, or any accident reports made by or on behalf of said employee, inasmuch as they represent the defendant's " work product ". (See *Briant* v. *New York City Tr. Auth.*, 7 A D 2d 756; *Carlson* v. *Long Is. R. R. Co.*, 6 A D 2d 821; *Urbina* v. *McLain*, 4 A D 2d 589; *Naiman* v. *Niagara Falls Ins. Co.*, 283 App. Div. 1016; *Raleigh* v. *City of New York*, 264 App. Div. 776.)

While it may be that under certain circumstances photographs may be required to be produced at an examination before trial (see *De Vito* v. *New York Cent. R.R. Co.*, 32 Misc 2d 494, affd. 3 A D 2d 692; *Howe* v. *McBride*, 193 Misc. 271; *Fink* v. *Thompson*, 70 N. Y. S. 2d 226; cf. *Mudge* v. *Hughes Constr. Co.*, 16 A D 2d 106), in the case at bar, however, there has been no factual showing of circumstances warranting such production (see *Brecht* v. *City of New York*, 14 A D 2d 790; see, also, *Bloodgood* v. *Lynch*, 293 N. Y. 308, 314; *Perry* v. *Morse Chain Co.*, 11 A D 2d 850; *Roach* v. *City of Albany*, 282 App. Div. 807).