■ EDWARD FLEMING, Respondent, v. DOMENIC PONZIANI et al., Appellants. — In a consolidated action to recover damages for personal injuries, in which, upon a trial limited to the issue of the validity of a general release by plaintiff to defendant Chodorowski, the jury verdict upheld the release, defendants appeal from an order of the Supreme Court, Queens County, dated March 3, 1967, which (1) granted plaintiff's motion to set aside the verdict, pursuant to CPLR 4404, (subd. [a]), (2) directed a verdict for plaintiff and (3) struck out the defense of release which was pleaded in said defendant's answer. Order reversed, on the law, without costs, and new trial of the issue of the validity of the release ordered. The jury's findings of fact are affirmed. Upon the separate trial of the defense of general release pleaded by defendant Chodorowski, the jury must have found the following facts. On November 12, 1960 plaintiff, a passenger in defendant Chodorowski's car when it collided with defendant Rainbow Dairies' delivery truck, suffered a severe head injury, multiple lacerations of the face and scalp and an injured left shoulder and was taken by ambulance to a hospital. On November 13 he suffered a grand mal seizure. On November 14 Chodorowski, having on November 13 consulted with an attorney and received from him a general release form for plaintiff's execution, went to the hospital where plaintiff was confined, requested a notary public and went to plaintiff's bed where plaintiff was lying, his forehead bandaged and his left arm suspended in a splint. Plaintiff, according to an entry in the hospital record for November 14, was " conscious alert oriented ", though according to Chodorowski, who for long had been his friend, plaintiff spoke only " a little bit, not as much as normal but a little bit." Chodorowski asked plaintiff to sign the form which he handed to him, saying it was a release. After plaintiff looked at and signed the release, and after his signature was acknowledged by a notary public, Chodorowski placed one dollar, the consideration recited in the release, on a counter before plaintiff, left the hospital and thereafter gave the executed release to the attorney who had advised him to obtain its execution. Chodorowski's transaction with plaintiff covered about five minutes, was not preceded by any notice to a member of plaintiff's family and was unattended by any advice to plaintiff concerning the legal effect of his act. On November 15 it was first discovered that plaintiff was suffering a fractured left scapula extending from the upper aspect of the spine downwards into the body of the scapula. On November 28, 1960 he was discharged from the hospital. Plaintiff, who was shown to have been convicted of crimes, testified that, though his signature appeared on the general release, he neither recalled having executed it nor Chodorowski's having submitted it to him. In our opinion, Trial Term's direction of a verdict in favor of plaintiff as a matter of law, notwithstanding the jury's verdict in favor of Chodorowski, was erroneous, for the jury could have found that in plaintiff's execution of the release there was neither fraud in the factum nor fraud in the inducement, neither unilateral nor mutual mistake of fact, nor any overreaching (*Viskovich* v. *Walsh-Fuller-Slattery,* 16 A D 2d 67, affd. 13 N Y 2d 1100; *Yehle* v. *New York Cent. R.R. Co.,* 267 App. Div. 301, affd. 295 N. Y. 874). It was open to the jury to find that plaintiff had falsely denied recollection of his execution of the release and that he had signed it intending it to be a release of Chodorowski's liability for his injuries, whether known or unknown. However, though we reverse Trial Term's order, we nevertheless direct a new trial for, in our view, the jury were incorrectly instructed concerning the issue of the burden of persuasion, the trial court having charged, among other things, that Chodorowski had the burden of persuasion with respect to whether plaintiff had executed the release while plaintiff had the burden of persuasion concerning the existence of facts vitiating the effect of the release. Further, the court refused to charge the jury that the release executed by plaintiff had been

obtained by Chodorowski in violation of section 270-b of the Penal Law. At the time of plaintiff's execution of the release, section 270-b (now Judiciary Law, § 480) in part provided: "It shall be unlawful for any person to enter a hospital for the purpose of * * * obtaining a general release * * * from any person confined in said hospital * * * as a patient, with reference to any personal injuries for which said person is confined in said hospital * * * within fifteen days after the injuries were sustained, unless at least five days prior to the obtaining * * * of such general release * * * such injured party has signified in writing his willingness that such general release * * * be given." Violation of the section was a misdemeanor (Penal Law, § 272 [now Judiciary Law, § 485]). Though in *Bloodgood* v. *Lynch* (293 N. Y. 308, 311) it was said that a purpose of section 270-b was to prevent the obtaining of general releases in personal injury actions until "a decent interval" had elapsed between the suffering of injuries and the submission of the release to the injured party, it was nevertheless there stated by way of dictum that a release obtained in violation of the statute was admissible in evidence (but see, *Matter of Neff* v. *Franklinville Roofing Co.*, 283 App. Div. 903, affd. 308 N. Y. 946). In our opinion, section 270-b of the Penal Law was a legislative attempt to prevent the victimization of hospitalized persons who by reason of their injuries may lack not only the cautious, perceptive judgment that they otherwise would exercise in their everyday lives but, as well, ready access to friends or attorneys whose prudent counsel would tend to influence their acts as present or potential claimants. In short, section 270-b originated in a legislative judgment that persons situated as was plaintiff at bar are probably in a physical and mental condition unequal to that of persons who stand at their hospital bedsides importuning them for general releases. Hence, we hold that releases obtained in violation of section 270-b of the Penal Law (now Judiciary Law, § 480) are presumptively invalid and that, if a defendant alleges in defense a release obtained in violation of the statute, he must do more than prove that the plaintiff signed the release. Having undertaken to strip the plaintiff of his statutory protection, such a defendant should bear the burden of persuading the jury that the plaintiff, when he signed the release, knew the legal effect of his act and intended the release to cover all injuries within its scope. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ, concur.