Edwin R. Lynde, J.
The plaintiff makes this motion to compel the defendants to furnish a copy of the defendants’ physician’s report of the physical examination of the plaintiff.
Plaintiff in making the request is obviously relying on 22 NYCRR 672.3 which states, in pertinent part, “copies of the reports of the physicians making examinations pursuant to this Part shall be served on all other parties within 20 days after completion of the examination” (see CPLR 3121, subd. [b]).
The defendants in refusing to accede to the plaintiff’s demand state unequivocally that they cannot be compelled by rule, statute or case law to furnish and/or deliver a copy of their physician’s report, and the only sanction that may be imposed against them will be the preclusion of any testimony of the physician whose medical reports have not been served (22 NYCRR 672.8).
CPLR 3121 clearly provides for the physical examination of a party in any action in which his physical condition is in issue and the exchange of medical reports. The information must be sought in good faith for possible use as evidence in chief or in rebuttal for cross-examination; the information must be material and necessary in the prosecution or defense of an action. (West v. Ætna Cas. & Sur. Co., 49 Misc 2d 28.) The defendants’ physician examined the plaintiff in this action on June 6, 1969. The defendants have intimated that they are willing to expose themselves to the sanctions of preclusion by refusal to furnish the report requested. Under such circumstances this court must consider the advantage of compulsion and the judicial recourse for failure to respond.
The probative value of the medical report from an evidentiary standpoint is nugatory if the examining physician is prevented from testifying. If the physician is precluded from testifying, *409 the report prepared by him loses its evidentiary value, as a memorandum of a past recollection recorded, (see Fisch, New York Evidence, §§ 338 and 339; Russell v. Hudson Riv. R. R. Co., 17 N. Y. 134, 1401; Matthews v. Chili Ave. Garage, 37 Misc 2d 609, 612); or for impeachment purposes on cross-examination. (See Fisch, New York Evidence, § 476.)
A further sanction that may be imposed from the standpoint of the judiciary, illustrating the dubious tactical advantage in the course of the trial of the recalcitrant party, is an instruction to the jury, on the inference that may be drawn by the jury for failure to call a witness, which applies to physicians as well as ordinary witnesses. (See Fisch, New York Evidence, § 556.)
Nor can the court compel compliance by holding the recalcitrant defendant in contempt. (See Judiciary Law, § 753, subd. A, pars. 3 and 8); the presumption being that without express contempt punishment being set forth in the CPLR, the civil remedies available are more than sufficient to penalize a recalcitrant party.
A plethora of cases exists wherein compliance was compelled; but are distinguishable in that defendant refused to comply, because of an alleged waiver. The defendant in taking such a position was not risking preclusion; the intent was to call the examining physician, but foreclose the right to a copy of the report based on waiver.
The filing of a statement of readiness does not bar and constitute a waiver of plaintiff’s right to a copy of his physical examination by defendants’ doctor (Yudenfreund v. Mortimer, 9 A D 2d 935); nor may plaintiff’s right to the report be predicated upon defendant receiving a copy of the report of plaintiff’s own physician. (Baum v. Nussenbaum, 7 A D 2d 991; Pink v. Valentine, 10 A D 2d 583; Moskowitz v. Seaman, 10 A D 2d 635; Berken v. Levitt, 8 A D 2d 938; Maus v. Nisbet, 15 A D 2d 785); the defendant conceded the plaintiff’s entitlement of the report on appeal but made no concession to accept consequences of refusal (Lambertini v. Warren Co., 20 A D 2d 658; O’Keefe v. Mow, 19 Misc 2d 378; Friedman v. Mealy, 20 Misc 2d 919); not only does the sanction of preclusion apply to the unco-operative defendant, on the basis of ethics the plaintiff is prevented from calling the defendants ’ physician as a witness and utilization of his reports for such purpose. (Gugliano v. Levi, 24 A D 2d 591, 592; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.52, p. 31-79; CPLR 3101, subd. [d], par. 1.)
*410 The item discovered is required by the weight of authority to be primary evidence. (Second Department: Matter of Silver v. Sobel, 7 A D 2d 728; Beasley v. Huntley Estates at Ardsley, 285 App. Div. 887, affg. 25 Misc 2d 43; Faendrick v. Allied Aviation Serv. Int. Corp., 284 App. Div. 898; People ex rel. Mergenthaler Linotype Co. v. Mills, 273 App. Div. 860; Raleigh v. City of New York, 264 App. Div. 776; Ehrlich v. New York Cent. R. R. Co., 251 App. Div. 721; Falco v. New York, New Haven & Hartford R. R. Co., 161 App. Div. 735.)
Even though the report may be sought in good faith, it must be admissible as evidence-in-chief, or rebuttal, or for cross-examination. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.07); disclosure can only be required when evidence is “ material and necessary ” in the prosecution or defense of an action.
If the physician is precluded from testifying, his report loses its probative value; it avoids surprise; it also loses the dubious distinction as a catalyst in promoting expeditious settlements; or the discipline to orderly growth of the file to litigated maturity, without further statutory authority narrowing the issues where consistency and agreement exist in the reports.
The defendants in the instant case intimate that they do not intend to call as a witness their examining physician and therefore cannot be compelled to furnish a copy of his report.
The application of the rule set forth in 22 NYCRR 672.8, is self-executing and does not require any further motion or order for the penalties and sanctions set forth therein to be implemented. (Cohen v. ASPCA, 20 A D 2d 922.)
Based on the reasons enunciated herein, the report, in effect, has been emasculated as primary evidence. However, the Court of. Appeals has affirmed the position that aside from the evidentiary value of the report, the paramount policy of complete pretrial discovery must be adhered to — each party should know as much about the other’s claim as is fairly and appropriately possible. The question of the report as primary evidence becomes academic, because more than the preclusion of testimony is involved. (Padilla v. Damascus, 16 A D 2d 71, affd. 12 N Y 2d 1059.)
Accordingly, the defendants are directed to furnish plaintiff with a copy of the report of their examining physician.